YOUNG et al. v. DUDNEY.

(Court of Civil Appeals of Texas. Amarillo. Sept. 23, 1911. On Motion for Rehearing, Nov. 10, 1911.)

1. APPEAL AND ERROR (§ 165*)—RIGHT TO APPEAL—WAIVER.

Since Acts 31st Leg. (1st Ex. Sess.) c. 34, authorizing an appeal from orders granting or refusing temporary injunctions, and requiring the filing of the transcript in the appellate court within 15 days from the date of the order appealed from, does not authorize an appeal from an order refusing to dissolve an injunction, nor limit the right to move to dissolve, defendant did not waive his right to appeal from a temporary injunction by filing a motion to dissolve, which was undisposed of when the appeal was taken.

[Ed. Note.—For other cases, see Appeal and Error, Dec. Dig. § 165.*]

2. APPEAL AND ERROR (§ 257*) — PRESENTATION BELOW—EXCEPTIONS—INJUNCTION.

Since a temporary mandatory injunction order may be made in chambers out of term, without notice to the adverse party, or hearing, an exception to the order granting such an injunction is not necessary to authorize an appeal therefrom.

[Ed. Note.—For other cases, see Appeal and Error, Dec. Dig. § 257.*]

3. APPEAL AND ERROR (§ 396*)—APPEAL—NOTICE OF APPEAL — NECESSITY — TEMPORARY INJUNCTION.

Since a temporary mandatory injunction order may be made in chambers out of term, without notice to the adverse party, or hearing, a notice of appeal was not necessary to give a right to appeal from such an order.

[Ed. Note.—For other cases, see Appeal and Error, Dec. Dig. § 396.*]

4. OFFICERS (§ 82*) — MANDAMUS (§ 77*) — FORMS OF WRIT.

Where plaintiff was in possession of the office of superintendent of schools of a school district, and in control of the schools, his remedy to compel the school trustees to recognize his right to the office, and prevent them from interfering therewith, was properly by injunction, and not mandamus.

[Ed. Note.—For other cases, see Officers, Cent. Dig. § 114; Dec. Dig. § 82;* Mandamus, Cent. Dig. §§ 161-169; Dec. Dig. § 77.*]

5. SCHOOLS AND SCHOOL DISTRICTS (§ 63*)—OFFICERS—RIGHT TO OFFICE.

The trustees of a school district, after a final ruling of the state board of education to the effect that plaintiff was entitled under his contract with the trustees to act as superintendent of schools, requested him to teach the schools at the salary provided in his contract, and themselves offered to perform the contract, but plaintiff refused to perform, claiming that he had a right, under the contract and the ruling of the State Board, to arbitrarily control the schools, irrespective of the wishes of the school trustees. Acts 29th Leg. c. 124, § 168, provides that the board of trustees of independent school districts shall adopt such regulations as they deem proper, and that the public free schools of the district shall be under their con-

trol, with exclusive power to govern them. *Held* that, in view of his own improper conduct, plaintiff was not entitled to a mandatory injunction, requiring the trustees of the school district to recognize his right to act as superintendent under his contract with them, and to prevent them from interfering with his management of the schools.

[Ed. Note.—For other cases, see Schools and School Districts, Dec. Dig. § 63.*]

6. APPEAL AND ERROR (§ 1175*)—DISPOSITION—RENDITION.

On appeal upon the pleadings alone, with the exhibits attached thereto, which constituted everything which the trial court was authorized to consider in rendering judgment, no evidence having been taken below, the appellate court may render judgment upon reversing the judgment as a whole.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4573-4587; Dec. Dig. § 1175.*]

On Motion for Rehearing.

7. APPEAL AND ERROR (§ 554*) — STATEMENT OF FACTS.

Judgments on the merits will not be reversed on appeal, in absence of a statement of facts.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2472-2479; Dec. Dig. § 554.*]

8. APPEAL AND ERROR (§ 907*)—BURDEN OF PROOF.

Since Acts 30th Leg. c. 107, authorizes appellate courts to dispose of appeals from injunction orders on the pleadings, and such affidavits and evidence as may have been admitted, if it is doubtful from the transcript whether the trial court acted upon evidence, other than the pleadings, the burden of showing what evidence was acted on is upon the party claiming that evidence was introduced, other than as shown by the transcript.

[Ed. Note.—For other cases, see Appeal and Error, Dec. Dig. § 907.*]

9. APPEAL AND ERROR (§ 837*)—RECORD.

The appellate court should decide an appeal from an order issuing an injunction on the record as it existed when the order was entered, so that proceedings on a motion to dissolve the injunction, filed after the order appealed from had been entered, cannot be considered.

[Ed. Note.—For other cases, see Appeal and Error, Dec. Dig. § 837.*]

Appeal from District Court, Hardeman County; S. P. Huff, Judge.

Suit by R. L. Dudney against T. M. Young and others. From a decree for plaintiff, defendants appeal. Reversed, and injunction dissolved.

Fires, Decker, Clarke & John, for appellants. Berry & Stokes, J. C. Marshall, and L. P. Bonner, for appellee.

GRAHAM, C. J. This case is before us on appeal from a temporary, mandatory injunction order, made by the court below on September 9, 1911; the order having been granted after notice and on an inspection of the bill and answer, without the introduction of any evidence.

The bill in substance alleges that the relator, Dudney, is a teacher by profession, and had been for a number of years, having filled the position of superintendent of the public schools, Chillicothe independent school dis-

trict, for the past two years, and is thoroughly qualified and competent in every way to fill said position; that on February 4, 1911, the then qualified and acting trustees of said school district passed and entered of record on the minutes of the school board a resolution, electing him superintendent of said schools for the school year of nine months for 1911 and 1912, at a salary of $1,500 for said school year; that, in pursuance of said order, and on the 24th day of April, 1911, a written contract was duly executed by the then board of trustees (being the same who had elected him) and relator, but that in writing said order relator was through mutual mistake of all parties to the contract designated as teacher, allegation being further made that said trustees and their officers (naming them) had made affidavit, showing the existence of said mutual mistake; that on the first Saturday in May, 1911, an election was held in said school district, at which four new trustees were elected, and who succeeded four of the old ones; that the then school trustees and relator ratified and acquiesced in relator's contract and employment until about the latter part of May, 1911, when, at a session of the new board, a motion was made to rescind the contract and employment of relator, which after some discussion was lost; that on May 30, 1911, at another meeting of said board, a motion was passed to ignore relator's said contract, and he, being present at the time, protested against such action by the board, and informed them that he would comply with his part of the contract and expected the board to do likewise, whereupon said board notified relator that he was no longer connected with said schools, nor entitled to participate at meetings of the board of trustees, and also requested him to withdraw, and further notified relator that they would not carry out said contract of employment, and that he would not be permitted to act as superintendent of said schools for the ensuing year, whereupon relator requested a written statement of the reasons of such action by the trustees, which they agreed to furnish, but that said promise was never complied with; that just prior to this the trustees had passed a resolution attempting to abolish the position of superintendent; that said resolution was not passed in good faith, but as a means of enabling the trustees to repudiate relator's said contract; that one of the defendants, Bridges, is proclaiming himself superintendent principal of said schools, within the knowledge and consent of said trustees; that relator had relied on said contract of employment, and made no effort to procure a position elsewhere until said last act of repudiation by said trustees, when all available positions known to him were filled, and he was unable to procure another like position; that relator had at no time waived or in any manner repudiated his said contract; that from the action of said board of trustees your relator appealed to the county superintendent of public schools, who, on July 20, 1911, after proper notice, heard all the facts and thereon rendered judgment, sustaining relator and holding that his contract was valid and binding; that said board of trustees appealed said cause to the State Superintendent of Public Instruction, who, on August 29, 1911, rendered his decision, sustaining the validity and binding force of relator's contract; that said trustees appealed from said order of the State Superintendent of Public Instruction to the state board of education, which, on September 2, 1911, affirmed the decision of the State Superintendent of Public Instruction, sustaining the validity and binding force of relator's contract and his rights thereunder; that, on September 4, 1911, that being the day set apart by the trustees for the opening of the schools, relator opened the schools, and at once proceeded to assume control thereof as superintendent, the county superintendent having, as a part of the opening exercises, read the rulings of the state board of education on the controversy that had existed, and advised the trustees, patrons, and all concerned that it was their duty to abide by said ruling and observe the same; that on the same day the trustees assembled the teachers, and notified them in a body not to pay any attention to relator, stating that they would not permit him to take any further part in the conduct of said schools, and also refused to let him proceed with said schools and perform his services as such superintendent; that said trustees had made their threats that they would not allow relator to perform said service; that the teachers in said schools, if not intimidated, and if permitted to do so, would work in harmony with relator and perform their respective duties, except possibly the said Bridges, who is claiming to act as principal and superintendent; that a rule adopted by the school board of said district in 1910 was still in force, and provides, in substance, that no grievance against the superintendent could be considered, unless in writing and made to the committee on grievances; that there has been no such complaint filed against relator, and no grounds exist for such; that the profession of teaching is the only one he has followed for many years, and is the only one for which he is fitted; that he is dependent on his salary for a living, and that to be ousted would work an irreparable injury to him financially, and to his reputation as a school man; that he is now able and ready to perform said service, and would be so doing, except for such acts of said trustees; that the said trustees still refuse to allow relator to act as superintendent, and threaten to continue to do so, and refuse to allow the other teachers to recognize him as superintendent, or have induced them not to do so, and that said teachers will so act, unless restrained by the court; that, unless restrained from so doing, the trustees will illegally pay out and di-

vert the part of the school fund belonging to said district to which relator is entitled, and which should be paid to him, and said school be seriously injured; that, as relator understands it, the opposition to him by the trustees is based on the amount of salary specified in his contract, but allegation is made that it is the same paid him for the preceding year for the same services.

Prayer is then made as follows:

"Wherefore, premises considered, plaintiff prays for proper service herein against the defendants, and that your honor grant a peremptory mandamus or mandatory injunction, or other proper writs, against said trustees, and cause the same to be properly served upon them, requiring them to observe the decisions of the county superintendent of Hardeman county and the State Superintendent of Public Instruction and the state board of education, and to recognize plaintiff as superintendent of the public schools of the Chillicothe independent school district for the school year 1911–12, and the validity of his said contract, and to issue and pay his vouchers for his said services, according to his said contract, and to grant a temporary injunction against all of the defendants, and order the same served upon them, restraining them from in any manner interfering with the plaintiff in the exercise and performance of his duties as such superintendent, and that said trustees be restrained from in any manner interfering with the teachers in their duty to work with and under the direction of plaintiff as such superintendent, and from paying out any of the funds of said district to any other superintendent, or from paying out the funds thereof that should be applied to the payment of plaintiff to any other person; that upon hearing said writs be perpetuated; for costs of suit and proper relief of whatever nature, and that, if required, he be permitted to offer evidence in support of the allegations herein contained." And the bill is duly verified by affidavit.

The answer of respondents is, in substance, as follows: That the cause of action cannot be maintained or prosecuted, for the reason that, under the law governing independent school districts, before a teacher or other officer of such who has been discharged, or whose employment or control of such schools has been interfered with, can maintain an action in the courts for relief, he shall appeal to the county superintendent, the State Superintendent, and the state board of education, where the scholastic population exceeds 500 scholastics; that since before the alleged grievance the scholastic population of Chillicothe independent school district has exceeded 500; and that relator did not lay his claims before said board of trustees of said district, and before said county superintendent seek relief from an adverse decision by said board of trustees, or appeal to the State Superintendent of Public Instruction, or to the state board of education; wherefore prayer is made that the cause abate.

Further answering, respondents pleaded a general demurrer, a special exception, to the effect that the petition fails to point out whether the irreparable injury alleged will result from a failure to issue writs of injunction, as prayed for, or from a failure to issue any other writs that may appear necessary, as prayed for, and because the petition fails to show when or wherein plaintiff has not a full and complete remedy at law, by an action for damages after the breach of his alleged contract, a general denial, and that, upon the final decision of the state board of education, respondents (trustees), by resolution passed in regular session, tendered to the relator a position as teacher in said schools at a salary of $1,500 for the current year, and offered and tendered in writing to relator full performance of the written contract, the validity of which had been sustained by the state board of education, which tender was by relator refused, and in a public oration or address, delivered in Chillicothe, said relator, among other things, stated that he would not accept any position in said schools, other than the one in which he was given full control, unhampered by any action of said board of trustees; that he would accept no position in which he was subordinated to said board of trustees, or any one else, and that he intended to control and direct the affairs and policy of said schools without let or hindrance from said board of trustees, or any one else, and that he would brook no interference with his control or management of said schools by any one, any action of said board of trustees to the contrary notwithstanding; that on the trial before the county superintendent the respondent board, as a board, charged that if the said Dudney ever had any contract to teach he was incompetent to do so; that he was disliked as a teacher and man by a majority of the teachers, and as a man was unfitted to teach young children, as he discussed a great many questions, some of which were offensive to the patrons of the school, and that he incurred debts that he was unable to pay, so knowing at the time he incurred them; that on the hearing the county superintendent refused to hear any testimony, save that relating to the validity and binding force of the contract between relator and the trustees; that respondents are not in any way responsible for the demoralized condition of the schools, and charge that relator is solely responsible for such condition, in that he announced that if he did not teach the schools there would be no schools; that he has said that he would not be subservient to the school board, or obey its orders as superintendent, and that, over the protest of the trustees, he took charge of the schools on September 4, 1911, and for a long time harangued the school children with regard to his authority, and had his friend, the county superintendent do

likewise; that since September 4, 1911, relator has on several occasions told pupils in the school that they were not in possession of the proper text-books (being the books the board of trustees had prescribed), and in other ways attempted to bring the board of trustees into disrepute with the children and teachers of said schools; that they will not pay out any part of the school fund belonging to said district to which relator is entitled, but, on the contrary, charge that it is their intention to pay said Dudney whatever may be determined is due him, if anything, and proffer bond to meet any judgment that might be rendered against them. On the ground that the equity of relator's bill had been fully met, prayer is made that the writs prayed for by relator be denied.

Attached to the defendant's pleadings, and properly identified and made a part thereof, is a copy of the by-laws, rules, and regulations of the Chillicothe independent school district in force during the school year 1910–12 and now, reading as follows:

### "Article II. The Superintendent.

"Section 1. The superintendent shall devote himself exclusively to the interest of the public schools of Chillicothe. He shall exercise general supervision over the schools of the city and *do actual teaching to whatever extent the board may deem necessary.* He shall visit rooms as often as he may deem wise, examine into and make statements of the condition and prospects of the schools, recommending such measures for their improvement as he may consider wise. He shall prepare the forms necessary for school register, books of record and blanks for use of teachers. He shall make and certify to the monthly pay roll of all the teachers. He shall attend all meetings of the board and shall also meet with the standing committees when called upon. He shall in every practicable way advise and encourage teachers in the performance of their duties.

"Sec. 2. He shall have the power to inflict such punishment upon any pupil for violation of school regulations as the nature of such regulation demands or in his judgment is right and just.

"Sec. 3. All grievances and complaints shall be made to the superintendent in writing, whose duty shall be to correct such infraction if in his power; otherwise, he shall have the right to refer same to the grievance committee provided, a grievance against the superintendent will be heard as readily as any other teacher but must be to the committee on grievances in writing. Absolutely no complaints considered which are not made in writing as suggested.

"Sec. 4. The superintendent is the executive officer of the board *and shall act under its advice and direction.* He shall make a report to the board monthly of absence and tardiness of teachers. He shall control the grading of pupils, and assign, with the approval of the board, the teachers to their work and no changes of teachers or pupils shall be made without his consent.

"Sec. 5. He shall see to the collection of monthly tuition of all pay pupils. All public exercises of pupils or entertainments of same shall be under the control of the superintendent. He shall use due diligence in enforcing the regulations placed over both teachers and pupils.

"Sec. 6. A failure upon the part of the superintendent to perform the duties assigned him shall be sufficient cause for his dismissal."

Attached to relator's pleading is a copy of the ruling and order of the state board of education, the material portion of which reads as follows: "The unanimous election of Mr. R. L. Dudney, on February 4th, as superintendent of the schools of the Chillicothe independent school district for the scholastic year 1911 and 1912, and his acceptance of the position at the salary mentioned, constitute in the opinion of the state board of education a legal and binding contract. You are therefore advised and directed to officially notify the board of trustees of the Chillicothe independent school district and Mr. R. L. Dudney that your decision and the judgment in the case is affirmed and sustained by the State Superintendent of Public Instruction as to the validity of the contract only."

The trial court, on consideration of the pleadings of relator and respondents, without hearing any evidence, indorses on relator's pleadings his fiat, reading as follows: "The State of Texas, County of Wilbarger. The above and foregoing application was this day presented to me, notice thereof having been given to defendants, who being present in person or by attorneys, and upon hearing, I am of the opinion that same should be granted. It is therefore ordered that the clerk of the district court of Hardeman county, Texas, file the above petition and answer of the defendants herein, and that he issue a mandatory writ of injunction to the defendants, commanding them and each of them to recognize the plaintiff as superintendent of the public schools of the Chillicothe independent school district, and that they place him in charge thereof as such, and permit him to act and perform his duties as such under the law governing such matters, without let or hindrance, and not in any manner interfere with him as such superintendent, or his performance of the duties thereof, and prohibiting the defendants named as trustees from paying out any of the funds of the district to any other superintendent, or any of said funds that might be necessary to pay plaintiff according to his contract, to any other person, and commanding them to issue vouchers to the plaintiff according to his contract as such superintendent. But this order is not intended to preclude any action that might be taken before any legally qualified

officer or court, provided that in no event shall any such action that might be taken become effective or permit interference in any manner whatever with plaintiff or his duties as such superintendent, until any such action as might be taken shall be finally passed on and determined by the highest and last officer, court, or authority to which it could be appealed or presented, and to which either party might elect to so appeal. It is further ordered that the plaintiff file his bond herein in the sum of $100, to be approved by said district clerk."

There are many allegations, made in the pleadings of both relator and respondents, which tend to show a condition of affairs in the school district not conducive to the welfare of the schools therein, but which, as a matter of law, throw no light on the real issues in this case, and which have not been referred to in the foregoing statement of the material allegations in the pleadings of the parties.

The conclusion reached by us as to the proper disposition of this appeal renders it unnecessary to dispose of the contentions of appellants that in this case relator's pleadings should have shown the scholastic population of the Chillicothe independent school district at the time the appeal was made to the county superintendent, or at the time the relator filed his pleadings herein, and that, as a condition precedent to relator's right to prosecute this suit, his pleading should show affirmatively that he formally laid his grievances before the board of trustees, and procured an adverse ruling thereon before appealing to the county superintendent or to the courts; and we therefore do not pass on either of said questions on this appeal, but will dispose of the appeal as if it were not necessary for relator's pleadings to show said facts.

In disposing of this appeal, we will also proceed as if the ruling made by the state board of education was conclusive as to all controversies which could have been disposed of up to that date by that board in any way affecting relator's right under his contract of employment, and will dispose of this appeal on those allegations of fact in the pleadings only, which affect the rights of relator and respondents, which are shown to have arisen since the ruling made by the state board of education, treating relator's contract as being in full force up to that date.

Appellee has filed and urges in this court a motion to dismiss the appeal, based on the grounds: (1) That the record shows the order appealed from was an interlocutory order, granting a mandatory writ of injunction, and also shows that after said writ had been issued and served appellants had filed in the court below a motion to dissolve, which has not been disposed of or withdrawn; (2) that the appellate court cannot acquire jurisdiction of an appeal from an interlocutory order granting an injunction, where appellants file a motion to dissolve in the court below before such appeal was taken, the record showing that the motion to dismiss is still pending in the court below; and (3) that the record does not show that any exception was taken by appellants to the action of the trial court appealed from at the time the order for injunction was made, nor that any notice of appeal was given at the time the order was made, or at any other time. The record shows that the order appealed from was made on September 9, 1911, and that the petition of relator, with the order or fiat of the court below attached, was filed in the district court of Hardeman county on September 11, 1911; that the bond for injunction, as ordered by the court below, was executed and filed in that court on September 11, 1911, and writs of injunction, as ordered, were served on September 13, 1911; that a motion to dissolve was filed in the court below on September 22, 1911, and that said motion is still undisposed of; that an appeal bond was approved and filed in the court below on September 22, 1911, and the record on appeal filed in this court on September 23, 1911.

[1] As the act of 1909 (1st Ex. Sess.) p. 354, under which the appeal in this cause was prosecuted, only authorizes an appeal from orders granting, refusing, and dissolving temporary injunctions, and does not authorize an appeal from an order overruling a motion to dissolve, and said act requires the filing of the transcript in the appellate court within 15 days from the date of the order appealed from, and in no way expressly limits the right of appellant with reference to filing in the court below a motion to dissolve, we hold that appellants did not forfeit their right of appeal in this cause by filing their motion to dissolve in the court below; the record showing that said motion was filed on the same day the appeal bond was approved and filed. The above construction of the act of 1909 is, we think, sustained by the case of Jeff Chaison Townsite Co. v. McFaddin, Weiss & Kyle Land Company, 121 S. W. 716.

[2, 3] As the record shows that the order appealed from was a temporary, mandatory injunction (order), made in chambers, and not in open court or term time, and as under the law such an order could be granted, even without a hearing or notice to the adverse party, we hold that it was not necessary in this case for the record to show an exception to the ruling of the court below, or a notice of an appeal therefrom; nor was it necessary to make such exception or give such notice as a condition precedent to an appeal to this court in this cause. That the general law, requiring exceptions to rulings of trial courts and notice of appeal therefrom as a condition precedent to the right of appeal, has no application in this character of case, see

the case of Merrill et al. v. Savage et al., 49 Tex. Civ. App. 292, 109 S. W. 408, and the case of Farwell et al. v. Babcock et al., 27 Tex. Civ. App. 162, 65 S. W. 509. For the reasons given, under the authorities cited, we overrule appellee's motion to dismiss the appeal in this cause.

[4] Appellants insist in this court that under the allegations in the pleadings of appellee his remedy is mandamus, and not injunction, if he shows himself entitled to any relief. As the record shows with reasonable certainty that appellee was still in control of the schools of the Chillicothe independent school district at the time this suit was filed, thereby being still in possession of his office, we overrule appellants' contention on this issue, and cite the case of Callaghan, Mayor, et al. v. McGown et al., Police Commissioners, 90 S. W. 319.

[5] On the question of the sufficiency of appellee's pleadings to entitle him to the relief granted by the order appealed from, when considered, in connection with the pleadings of appellants, in the light of the doctrine that he who seeks relief from a court of equity must show affirmatively that he has done and is willing to do equity, and the further rule that he who seeks in a court of equity specific performance of his rights under a contract must show that he has not breached same, and is ready, willing, and able to comply therewith, we are of the opinion that the pleadings of the appellee, when considered in connection with the allegations of fact contained in the pleadings of appellants, and which are in no way denied by appellee, are insufficient to warrant the order appealed from, or any part thereof, and in support of this conclusion we cite the case of Riggins v. City of Waco, 40 Tex. Civ. App. 569, 90 S. W. 657, by the Court of Civil Appeals, and the decision of the Supreme Court in the same case, in 100 Tex. 32, 93 S. W. 426.

As supporting the conclusion reached, we refer to the fact that at the time appellee and the old board of trustees executed the contract of employment on February 4, 1911, the rules and regulations which had been adopted by the board of trustees, and which have heretofore been copied in this opinion, were in force, and are still in force, and that one of said rules in effect requires the superintendent to do such school teaching as might be deemed necessary by the trustees; another of said rules provides in substance that the superintendent shall act under advice and direction of the board of trustees; and another of said rules provides that a failure on the part of the superintendent to perform the duties assigned him shall be sufficient cause for his dismissal.

The record shows conclusively that the trustees, after the final ruling of the state board of education, requested of appellee that he teach in said schools at the same salary provided in his contract, and at the same time tendered performance of the contract, and that appellee declined to perform same under such terms and conditions, apparently taking the position that he had the right, under his contract and the ruling of the state board of education, to manage and control the schools of the Chillicothe independent school district arbitrarily, in such manner as he saw fit and proper, irrespective of the will, wishes, or requests of the school trustees, who had been elected by the people, and who, under express statute, as well as the principles of sound public policy, are not only given supervisory control over the superintendent, other teachers, and pupils, but are required to exercise such supervision.

In connection with the request of the defendant trustees, made of appellee to teach, and the tender of further performance of the contract of employment, we call attention to the fact that appellee's pleadings affirmatively show that the board of trustees passed an order abolishing the position of superintendent.

[6] As this case comes before us on the pleadings alone, without any evidence having been introduced below, except the exhibits attached to the pleadings and made a part thereof, all of which are a part of the record in this court, and we thus have before us all that the court below was authorized to consider in passing upon the rights of the parties litigant, and being of the opinion that the record does not sustain the judgment rendered below, either in whole or in part, the cause will be reversed and here rendered, dissolving and holding for naught the injunction granted by the court below, and it is so ordered.

### On Motion for Rehearing.

On October 15, 1911, judgment was rendered in this cause by this court, reversing the cause and rendering same for appellants. It is now before us on a motion for rehearing, based principally on the conditions that: (1) This court erred in holding that the trial court had based its judgment on the pleadings of the parties alone, and without the consideration of other evidence than was attached to the pleadings, as shown by the transcript; and (2) that this court erred in resting in part its judgment on exhibits which the transcript showed to be attached to appellants' motion to dissolve the injunction filed in the trial court.

[7] We are aware of the general rule that judgments on the merits of a controversy will not be reversed by an appellate court in the absence of a statement of facts; but we think the judgment of the trial court shows that the controversy was disposed of by him on a consideration of the pleadings and exhibits attached alone.

[8] In view of the fact that the act of

1907 (Acts 30th Leg. c. 107) authorizes appellate courts to dispose of appeals from injunction orders on the pleadings, and "such affidavits and evidence as may have been admitted by the judge granting or dissolving said injunction," if there could be any question as to whether or not the trial court acted upon evidence, other than the pleadings the burden should rest on the party claiming that evidence was introduced, other than as shown by the transcript.

In this case, however, it was stated in the oral argument of the case before this court by appellants' counsel that the trial court granted the order on the pleadings and exhibits attached alone, and the correctness of this statement was not challenged by appellee; nor does he yet contend that any evidence was considered by the trial court.

It is true that in the original opinion this court did refer to certain exhibits which were attached to appellants' motion to dissolve the injunction, and which were filed after the order granting injunction had been entered by the trial court. We call attention, however, to the fact that appellee brought these matters before this court in support of his contention that appellants had waived their right to an appeal by filing same, and, having considered exhibits attached to said motion in disposing of said issue, through inadvertence, such exhibits were referred to as one of the reasons supporting the judgment rendered.

[9] We are fully aware of the fact that this court should dispose of the case on the record as it existed at the time the trial court entered its order, and it would therefore be improper to base our judgment upon the contents of a motion that was filed to dissolve the order after the order appealed from had been entered.

We think, however, under section 168 of the act of 1905, p. 263, the schools of the Chillicothe independent school district, and the superintendent thereof, were as completely under the control of the trustees, within reasonable limits, as they could have been under the copy of the rules which this court mentioned in its former opinion.

As it is made to appear from appellants' pleadings that they seek to repudiate appellee's rights under the contract, because of conduct on his part, arising after the state board of education had disposed of the matter it had before it, and as appellee apparently has resorted to a court for relief against said action on the part of the trustees, without having first resorted to the proper school officers for relief against such action on the part of the trustees, it would appear that appellee could have no standing in court. See Harkness v. Hutcherson, 90 Tex. 383, 38 S. W. 1120, and McCollum v. Adams, 110 S. W. 526.

Believing that under the record the appellee, by his conduct, had placed himself in such position as to deprive him of a right to appeal to a court of equity for relief, even if he had a right to resort to a court in the first instance, the motion for rehearing will be overruled.