ZARB v. HOUSTON et al.  (No. 5342.)

(Court of Civil Appeals of Texas. San Antonio. June 27, 1914.)

APPEAL AND ERROR (§ 175*) — REVIEW — ORDER GRANTING INJUNCTIONS.

In reviewing an order granting a temporary injunction the appellate court cannot consider an answer which was not before the trial court when he made the order appealed from.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1137–1140; Dec. Dig. § 175.*]

Appeal from District Court, Wilson County; F. G. Chambliss, Judge.

Action by J. C. Houston and others against Rev. P. P. Zarb. From an order granting a temporary injunction, defendant appeals. Affirmed.

MOURSUND, J. This is an appeal from an order made in vacation by Hon. F. G. Chambliss, judge of the Thirty-Sixth judicial district, granting appellees, J. C. Houston and wife, Mrs. Gertie Houston, Henry King, and wife, Mrs. Nora King, a temporary injunction restraining appellant from taking down and removing and from molesting a windmill erected in the Catholic cemetery at Floresville, and from interfering with appellees' use thereof; also from authorizing, permitting, or consenting for any other persons to bury any one upon two certain lots in said cemetery, alleged to be owned by appellees, and from selling or otherwise disposing of said lots. The injunction was granted on June 14, 1914, upon plaintiffs' first amended original petition. On June 19, 1914, an answer was filed, but the same does not appear to have been called to the attention of the judge who granted the injunction, and appellees have filed a motion to strike same

from the record, which is well taken. The appeal is from the order granting the injunction upon the verified petition alone, and this court cannot consider any answer which was not before the trial court when he made the order appealed from. Houston Electric Co. v. Glen Park Co., 155 S. W. 968; Jeff Chaison Townsite Co. v. McFaddin, 56 Tex. Civ. App. 611, 121 S. W. 717; Young v. Dudney, 140 S. W. 802.

We have not been favored by brief or oral argument presenting the contentions relied upon by appellant for a reversal, and upon an examination of the petition we conclude that the allegations show such rights in appellees with respect to the windmill and the lots in said cemetery and such threats on the part of appellant as authorized the granting of the temporary injunction.

The judgment is affirmed.