TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-98-00250-CV






Abraham Jones, Appellant




v.




City of Arcola, Texas; Robert E. Hebert, Receiver for the City of Arcola;


and City Council for the City of Arcola, Appellees







FROM THE DISTRICT COURT OF TRAVIS COUNTY, 201ST JUDICIAL DISTRICT


NO. 93-08498, HONORABLE W. JEANNE MEURER, JUDGE PRESIDING







 The city council ("Council") of the City of Arcola ("City") sitting as a removal
court removed Abraham Jones as the City's mayor pursuant to the statutory procedure outlined
in the Texas Local Government Code. See Tex. Local Gov't Code Ann. § 21.002 (West 1999). 
After his removal from office, Jones intervened in an ongoing lawsuit in Travis County district
court and sued the City, Robert Hebert, the temporary receiver for the City, and the Council
contending that the Council exceeded its authority in removing him from office. He asked the
district court to declare the Council's removal proceedings null and void. (1) The district court
denied Jones's request for declaratory relief. Raising three issues, Jones contends that the district
court erred in denying his request for declaratory relief. We will affirm the district court's
judgment.


Background


 On May 4, 1996, Abraham Jones was elected mayor of the City, a general-law
municipality. On July 3, 1996, Hebert sent Jones a letter asserting that Jones was violating several
sections of the City's waste discharge ordinance number 94-607-1 by improperly discharging
waste water from his residence. Hebert's letter requested that Jones comply with the ordinance
and make arrangements to connect his residence to the City sewer system by July 12, 1996.

 On August 12, 1996, Joe Williams, the operator for the City charged with
overseeing compliance with the City's waste discharge ordinance, presented a written complaint
to Council member Greg Abarr alleging that Jones failed to properly dispose of waste water from
his residence. (2) In the complaint, he asserted that Jones violated three sections of the waste
discharge ordinance and that these violations were grounds for removing Jones as mayor under
Chapter 21 of the Local Government Code. (3) See § 21.002(f). In his supporting affidavit,
Williams stated, "Failure of the City to enforce its Waste Water Discharge Ordinance may cause
it to be found in violation of state regulations regarding the discharge of waste waster, and subject
the City to monetary penalties assessed by the State of Texas."

 On August 13, Jones was served with a copy of Williams's complaint and received
notice that a hearing would be held on August 22 before the Council regarding his alleged
violations of the waste discharge ordinance.

 On August 22, Jones appeared at the hearing with his attorney. Council member
Abarr presided over the hearing and all but one of the remaining Council members attended and
participated. An attorney representing the City called Sally Cantu, the City secretary, who
testified that the property at issue was Jones's residence. The City's attorney also called Williams
who testified about Jones's violations of the ordinance. Jones then testified in his own defense
regarding the alleged violations. Each attorney cross-examined the other side's witnesses. The
Council agreed to table a vote on Jones's guilt or innocence regarding the alleged violations of the
ordinance until the next Council meeting. The Council gave Jones one more opportunity to
connect to the City's sewer system and the hearing was recessed after Jones agreed to bring
evidence in the form of a receipt for connection to the sewer system to the next Council meeting
on September 3.

 On September 3, Jones appeared at the Council meeting. He stated that he had not
had his residential property connected to the sewer system. The Council members who
participated in the hearing on August 22 then voted and found that Jones was guilty of intentionally
violating the City's waste discharge ordinance. After finding Jones guilty of all three charges, the
same Council members determined that sufficient cause existed to remove Jones as mayor. The
same Council members then voted unanimously to remove Jones as mayor and appointed Council
member Gipson as the new mayor.

 Jones intervened in the ongoing lawsuit in the Travis County district court and
asked the district court to declare the Council's removal proceedings null and void. The parties
proceeded on a stipulated evidentiary record that contained (1) a copy of the City ordinance at
issue; (2) a copy of Williams's complaint; (3) copies of all the notices given to Jones; (4) tapes of
the Council meetings during which the issue of Jones's violations of the City ordinance were
discussed, as well as (5) the minutes from those meetings; and (6) a copy of the Council's
judgment finding Jones guilty of violating the ordinance. The district court denied Jones's request
for declaratory relief and then severed the order rendering it final for appellate purposes. Jones
appeals the district court's denial of his request for declaratory relief.


Discussion


 On appeal, Jones raises three issues contending the trial court erred by denying his
request to declare the removal proceedings null and void because (1) he was not given proper
notice of the removal proceedings; (2) the Council "failed to conduct a statutory trial;" and (3) the
Council's actions violated Article I, section 19 and Article III, section 35 of the Texas Constitution
and the due process clause of the Fourteenth Amendment to the United States Constitution.


Statutory Procedure

 The Texas legislature vested the power to remove a mayor from office in the city
council and no power of review is given to the courts. See § 21.002; Huntress v. McGrath, 946
S.W.2d 480, 485 (Tex. App.--Fort Worth 1997, orig. proceeding) (citing Riggins v. City of
Waco, 93 S.W. 426, 427 (Tex. 1906)). The Texas Supreme Court recently scrutinized this
statutory procedure set out in Local Government Code section 21.002 in Bradley v. Texas, 42 Tex.
Sup. Ct. J. 513 (April 8, 1999).

 The law requires that removal be for a specific cause, and a city council may not
deprive its mayor of office in an arbitrary or capricious manner. Huntress, 946 S.W.2d at 485. 
A mayor may be removed from office for an intentional violation of a municipal ordinance. See
§ 21.002(c)(2). The statutory procedure to remove the mayor of a general-law municipality
commences when a complaint against the mayor is presented to a council member of the
municipality. See § 21.002(f). That council member shall then (1) file the complaint; (2) cause
a copy of the complaint to be served on the mayor; (3) set a date for the trial of the case; and (4)
notify the mayor and the other council members to appear on that day. Id. A majority of the
council members constitute a removal court that tries and determines the allegations made in the
complaint against the mayor. See § 21.002(g). The council members select one member of the
council to act as a presiding officer of the court. Id. Each council member assumes a judicial role
in the proceeding. Bradley, 42 Tex. Sup. Ct. J. at 517. If two-thirds of the participating council
members find the defendant guilty of the charges in the complaint and find that the charges are
sufficient cause for removal from office, then the presiding officer of the court shall enter a
judgment removing the mayor from office and declare the office vacant. See § 21.002(h)
(emphasis added).


Standard of Review

 Should the removal court remove the mayor from office, the statutory procedure
in section 21.002 lacks a provision for the removed mayor to file a motion for new trial or appeal
the removal court's decision. That is because once the council members sitting as a removal court
decide to remove the mayor, their status as judges ends and the court no longer exists. State v.
Bradley, 956 S.W.2d 725, 737 (Tex. App.--Fort Worth 1997), rev'd on other grounds, 42 Tex.
S. Ct. J. at 513 (no statutory provision vests power in mayor or council seated after mayor is
removed to grant new trial or accept notice of appeal).

 The district courts may only review whether the council exceeded its lawful
authority regarding a removal. Riggins, 93 S.W. at 427. If a court so determines, then the
council's actions may be treated as a nullity. Beyond that determination, courts have no rightful
power over the council's removal of a mayor from office. Id. The most that courts may do is
"inquire whether or not charges were duly preferred, a hearing had, and evidence adduced tending
to sustain them." Id.

 Consequently, this Court's review of the Council's removal proceeding is limited.
This Court has no authority to perform an evidentiary review of the removal hearing; we may only
review the procedural aspects of the scheme set out in Local Government Code section 21.002 and
determine whether the Council acted illegally, unreasonably or arbitrarily in removing Jones as
mayor. See generally Bradley, 42 Tex. Sup. Ct. J. at 514; Lipscomb v. Randall, 985 S.W.2d 601,
605 (Tex. App.--Fort Worth 1999, no pet. h.).


Lack of Proper Notice

 In his first issue, Jones contends that the Council did not comply with section
21.002(f)(2) of the Local Government Code because it failed to provide him with proper notice
of Williams's official complaint regarding his alleged violations of the City's waste discharge
ordinance. See § 21.002(f)(2). Specifically, he contends that Council member Abarr "failed to
have the [Williams] complaint served upon him and no proof of service was submitted into
evidence by the City of Arcola in the proceeding below."

 Despite Jones's assertion that he was not served with a copy of Williams's
complaint, he admits in the statement of facts portion of his appellate brief that he received a copy
of Williams's complaint. Additionally, the stipulated evidentiary record considered by the district
court contains a copy of Williams's complaint with the notation in the lower right-hand corner
"8/13/96 @ 12:21 p.m. served." We conclude that the district court properly determined that
Jones received notice of the complaint and charges against him.

 Jones also complains that he did not receive proper notice of a "trial." He
acknowledges that he received two notices about Council meetings; however, he argues the
Council meetings were not the same as a trial required by section 21.002(f). When a complaint
is made against a mayor, the complaint must be presented to a council member and that council
member shall "set a date for the trial of the case and notify the mayor and other [council members]
to appear on that day." See § 21.002(f)(3) & (4).

 Jones admits that he received two notices each relating to two different Council
meetings. He acknowledges receiving the first notice dated August 19, which was also posted
pursuant to the Open Meetings Act, and introduced into evidence. The notice stated that there
would be a special Council meeting beginning at 7:00 p.m., Thursday August 22, 1996, with the
subject being to "hear complaint against Abraham Jones, Mayor of the City of Arcola, in regards
to violation of ordinance no. 94-607-1 which is City of Arcola waste discharge ordinance." He
received the second notice dated August 30, which also was posted pursuant to the Open Meetings
Act and introduced into evidence. The notice stated that there would be a regular Council meeting
beginning at 7:00 p.m., Tuesday September 3, 1996, the subject of which included "consider and
vote on charges contained in complaint filed against Abraham Jones, mayor of the City of Arcola,
in regards to violation of ordinance no. 94-607-1 which is City of Arcola waste discharge
ordinance."

 Jones received notice that a hearing was going to take place regarding his alleged
intentional violations of the City's waste discharge ordinance. He appeared at the hearing with
an attorney who cross-examined the City's witnesses and called Jones to testify in his own behalf
before the Council that was sitting as a removal court. Based upon Jones's actions in appearing
with an attorney who was prepared for a trial and who proceeded to act as if the hearing was a
trial, the notice Jones received adequately informed him about what was to take place at the
specially called Council meeting on August 22. Although the notice Jones received did not contain
the word "trial," we hold that he received notice that the Council was going to hold a hearing on
the complaint made against him regarding the alleged intentional violations of the City's waste
discharge ordinance.

 Alternatively, we conclude that Jones waived service of a notice of trial because he
made a general appearance before the Council when it was sitting as a court at the August 22
hearing and fully participated in the hearing along with his counsel. See Werner v. Colwell, 909
S.W.2d 866, 869-70 (Tex. 1994) (judgment may be rendered against person not served if that
person waives service by making general appearance before court). Further, he never complained
he had not received notice and never asked for added time to prepare for trial.

 Finally, Jones complains that the notices he received were defective because they
were given to him by the City secretary and not Council member Abarr to whom Williams made
the complaint. Jones contends that section 21.002 required Abarr to provide him with a copy of
the complaint and give him notice about a date for a trial.

 We disagree with Jones that Council member Abarr was required to personally
provide him with a copy of the complaint and personally give him notice of a date for trial. 
Section 21.002 requires that the council member to whom the complaint was given must "cause"
a copy of the complaint to be served on the mayor and notify him about when to appear for a trial.
See § 21.002(f)(2)&(4). We find no error in having the City secretary serve the complaint and
notices on Jones.

 Based on the evidence before the district court, we cannot say that the Council acted
illegally, unreasonably or arbitrarily in providing notice to Jones. The first issue is overruled.


Contention That the City Council Failed to Hold a Statutory Trial

 In his second issue, Jones contends that the Council failed to hold a statutory trial
on the complaint filed against him as required by section 21.002. Jones contends that the Council
held two Council meetings but these were not the equivalent of a trial. Jones contends that
because the Council did not hold a trial the district court should have declared the Council's
proceedings removing Jones from the office of mayor null and void. We disagree.

 The stipulated evidence presented to the district court shows that the Council set
the meeting on August 22 specifically pursuant to section 21.002 of the Local Government Code
to consider allegations that Jones intentionally violated the City's waste discharge ordinance. As
required by section 21.002(g), the Council members selected one member of the Council to
preside over the hearing. Jones appeared at the hearing with his attorney. The City was also
represented by an attorney. Both the City and Jones presented evidence and both parties cross-examined the other's witnesses. Before closing the proceedings and adjourning on August 22, the
Council gave Jones another opportunity to make arrangements to connect to the City's sewer
system and to provide a receipt at the next meeting for connection to the sewer system. The
Council then agreed to table the vote on Jones's guilt or innocence regarding the alleged violations
until the September 3 Council meeting.

 At the September 3 Council meeting, the Council asked Jones if his residential
property was connected to the City's sewer system. Jones presented only an application for
connection but informed the Council that he had not paid the required $100 deposit and admitted
that his residence was not connected to the City's sewer system. The Council then, in accordance
with section 21.002(h), voted that Jones was guilty of intentionally violating the City's waste
discharge ordinance.

 Although the Council referred to the August 22 meeting as a "hearing" rather than
a trial, we conclude that the actions taken by the Council on August 22 and the vote taken on
September 3 were the equivalent of a trial as required by section 21.002. The second issue is
overruled.


Attempt to Raise a Constitutional Issue

 In his third and final issue, Jones contends that the Council's actions in removing
him as mayor violated certain sections of the state and federal constitutions. Jones makes these
contentions without citing any authority or presenting any argument. First he contends that


[t]he removal of [Jones] from the office of Mayor violated the Texas constitution
Article I, Section 19 and Article III, Section 35 in that [Jones] was denied a Trial,
was not give[n] proper notice of proceedings to remove him from office, denied a
legal statement of charges or grounds [for] removal, and denied a hearing on any
charges or grounds for removal from office. Therefore, his removal from office
was arbitrary and unlawful.



Second he contends that 



The removal of [Jones] from the office of Mayor violated [the] due process clause
of the Fourteenth Amendment to the United States Constitution in that Mayor
Abraham Jones was denied a Trial, was not give[n] proper notice of proceedings
to remove him from office, denied a legal statement of charges or grounds [for]
removal, and denied a hearing on any charges or grounds for removal from office. 
Therefore, his removal from office was arbitrary and unlawful.



 When the legislature acts, we presume that it has acted constitutionally. See
Travelers Indem. Co. v. Fuller, 892 S.W.2d 848, 850 (Tex. 1995) (citing Spring Branch Indep.
Sch. Dist. v. Stamos, 695 S.W.2d 556, 558 (Tex.1985)). Therefore, when presenting a
constitutional challenge the burden of proof is on the party challenging constitutionality. Travelers
Indem. Co., 892 S.W.2d at 850.

 By his contentions, Jones only restates the complaints he raised in his first and
second appellate issues and asserts that the Council's actions violate certain sections of the state
and federal constitutions. In addressing Jones's other appellate issues we determined that Jones
was given a legal statement of charges or grounds for removal, was given proper notice of
proceedings to remove him from office, and received a trial on the grounds for removal. The
Council followed the statutory procedure set out in the Local Government Code section 21.002.
Jones received all of the due process to which he was entitled. The third issue is overruled.


Conclusion


 As noted previously, this Court is limited as to what we may review of a section
21.002 mayoral removal proceeding. We may only determine whether a city council exceeded
its lawful authority when removing a mayor from office. Riggins, 93 S.W. at 427. Consequently,
the most that this Court may evaluate is whether "the charges were duly preferred, a hearing had,
and evidence adduced tending to sustain the charges." Id.

 Having carefully considered the record, including all thirteen exhibits submitted to
the district court (which included tapes of the two Council meetings--the testimony of witnesses
who testified at the removal hearing on August 22 and the Council meeting on September 3), we
find no basis for a conclusion that the Council acted arbitrarily or capriciously or that due process
was denied to Mr. Jones. We affirm the district court's judgment.



 

 Jan P. Patterson, Justice

Before Chief Justice Aboussie, Justices Kidd and Patterson

Affirmed

Filed: July 29, 1999

Do Not Publish
1. In July 1993, the State of Texas, on behalf of the Texas Water Development Board, filed
suit against the City in Travis County district court. The basis of the State's suit was that the City
was not complying with agreements it made to provide financial information to the State regarding
its waste water system. Among other things, the State sought the appointment of a temporary
receiver for the City. At the time of Jones's intervention, the district court had appointed Hebert
as the City's temporary receiver. The State responded on behalf of the Water Development Board
to Jones's intervention and informed the district court that it was taking no position on the merits
of Jones's claims and requested that any order entered related to the intervention not affect the
pendency of the underlying receivership action.
2. Williams was the client relations manager with ECO Resources, Inc., a company that
specializes in providing professional services regarding water supply and waste water treatment.
The City retained ECO Resources, Inc., to enforce compliance with the City's waste discharge
ordinance.
3. Williams's complaint listed three violations of the City's waste discharge ordinance by Jones
occurring on or about July 3, 1996: (1) he failed to use the public sanitary sewer system when
discharging waste water from his home in violation of section 10(A); (2) he was responsible for
discharges through a building sewer and failed to design or install a connection from the building
sewer to the public sewer in violation of section 14(B); and (3) he discharged waste water from
his residence in violation of section 21 after the date given him for compliance in his notice of
violation.



 WP="BR1">

Second he contends that 



The removal of [Jones] from the office of Mayor violated [the] due process clause
of the Fourteenth Amendment to the United States Constitution in that Mayor
Abraham Jones was denied a Trial, was not give[n] proper notice of proceedings
to remove him from office, denied a legal statement of charges or grounds [for]
removal, and denied a hearing on any charges or grounds for removal from office. 
Therefore, his removal from office was arbitrary and unlawful.



 When the legislature acts, we presume that it has acted constitutionally. See
Travelers Indem. Co. v. Fuller, 892 S.W.2d 848, 850 (Tex. 1995) (citing Spring Branch Indep.
Sch. Dist. v. Stamos, 695 S.W.2d 556, 558 (Tex.1985)). Therefore, when presenting a
constitutional challenge the burden of proof is on the party challenging constitutionality. Travelers
Indem. Co., 892 S.W.2d at 850.

 By his contentions, Jones only restates the complaints he raised in his first and
second appellate issues and asserts that the Council's actions violate certain sections of the state
and federal constitutions. In addressing Jones's other appellate issues we determined that Jones
was given a legal statement of charges or grounds for removal, was given proper notice of
proceedings to remove him from office, and received a trial on the grounds for removal. The
Council followed the statutory procedure set out in the Local Government Code section 21.002.
Jones received all of the due process to which he was entitled. The third issue is overruled.


Conclusion


 As noted previously, this Court is limited as to what we may review of a section
21.002 mayoral removal proceeding. We may only determine whether a city council exceeded
its lawful authority when removing a mayor from office. Riggins, 93 S.W. at 427. Consequently,
the most that this Court may evaluate is whether "the charges were duly preferred, a hearing had,
and evidence adduced tending to sustain the charges." Id.

 Having carefully considered the record, including all thirteen exhibits submitted to
the district court (which included tapes of the two Council meetings--the testimony of witnesses
who testified at the removal hearing on August 22 and the Council meeting on September 3), we
find no basis for a conclusion that the Council acted arbitrarily or capriciously or that due process
was denied to Mr. Jones. We affirm the district court's judgment.



 

 Jan P. Patterson, Justice

Before Chief Justice Aboussie, Justices Kidd and Patterson

Affirmed

Filed: July 29, 1999

Do Not Publish
1. In July 1993, the State of Texas, on behalf of the Texas Water Development Board, filed
suit against the City in Travis County district court. The basis of the State's suit was that the City
was not complying with agreements it made to provide financial information to the State regarding
its waste water system. Among other things, the State sought the appointment of a temporary
receiver for the City. At the time of Jones's intervention, the district court had appointed Hebert
as the City's temporary receiver. The State responded on behalf of the Water Development Board
to Jones's intervention and informed the distr