### J. W. RIGGINS v. W. H. THOMPSON ET AL.

#### Decided October 29, 1902.

**Injunction—Removal from Office.**

Injunction does not lie in favor of the mayor of a city to restrain its city counsel from illegally impeaching and removing him from office, since he has a complete remedy in proceedings by quo warranto and mandamus.

Appeal from the District Court of McLennan County. Tried below before Hon. Marshall Surratt.

*W. S. Baker, Scarborough & Kimball,* and *W. L. Radney,* for appellant.

*West & Cochran, Brooks & Shelly,* and *Allan D. Sanford,* for appellees.

FISHER, CHIEF JUSTICE.—This is an action by appellant, who is the mayor of the city of Waco, to restrain the appellees, the board of aldermen and city council of the city of Waco, from proceeding with an impeachment trial and removing him from his office as mayor. The court granted a temporary injunction which, upon motion, was dissolved, and the case dismissed for want of equity in the bill.

In Delahanty v. Warner, 20 American Reports, 237, same case, 75 Illinois, 185, the court in its opinion says: "The appellant was superintendent of streets in the city of Peoria, and he alleges by his bill that he was unlawfully removed from his office, and prays that the aldermen and mayor of the city may be enjoined from appointing a successor, and from interfering with him in any way in the discharge of his duties as street commissioner. The court below dissolved the temporary injunction, which had been issued, and dismissed the appeal for want of equity. In this we perceive no error. Appellant's remedy was complete at law. High on Injunc., sec. 781. If he was not properly removed, and a successor can not therefore be legally appointed, the question can be settled by quo warranto against the person claiming to

be his successor in office. People v. Forquer, Breese (Beecher's ed.), 104; People v. Matteson, 17 Ill., 168. By mandamus the mayor and aldermen may be compelled to restore to him any evidence of his right to the office, or any property pertaining thereto, which they may have improperly withheld from him. People v. Head, 25 Ill., 325; People v. Kildruff, 15 Ill., 491; People v. Hilliard, 29 Ill., 414. And where the title to the office is not in dispute, mandamus will lie to restore the person entitled to it. People v. Stevens, 5 Hill, 616."

Updegraff v. Crans, 47 Pennsylvania State, 105, is also in accord with the above decision. The case quoted from was cited with approval by the Supreme Court of the United States In re Sawyer, 124 United States, 213, and White v. Berry, 171 United States, 377.

In Milliken v. City Council, 54 Texas, 389, it is held that mandamus is the proper remedy to restore a party to office, when he has been illegally removed. This case is cited with approval in Terrell v. Green, 88 Texas, 548.

In State v. Owens, 63 Texas, 262; McAllen v. Rhodes, 65 Texas, 350; Williams v. State, 69 Texas, 369, and Dean v. State, 88 Texas, 291, it is held that the right to office can be determined by quo warranto.

In Jones v. Stallsworth, 55 Texas, 138, it is held that proceedings at law will not be enjoined on the ground of want of jurisdiction in the court where the proceedings are pending, or on the ground that the statute upon which the proceedings are based is unconstitutional.

We are of the opinion that the appellant has an adequate remedy at law. Therefore, there was no error in the judgment of the court in dismissing the case. Having reached this conclusion, it is not necessary that we should pass upon the other questions raised in the briefs.

We find no error in the record, and the judgment is affirmed.

*Affirmed.*

Writ of error refused.