Texas & Pacific Railway Company v. Lay Powell.

Decided February 20, 1904.

**1.—Carriers—Delay in Furnishing Cars—Charge.**

In an action for negligent delay of a carrier in furnishing a shipper with cars, a charge which seems to be on the weight of evidence in assuming that the delay constituted negligence will not be held error on that account where, in another paragraph, the question of whether such delay was negligence is treated as one for the determination of the jury.

**2.—Same—Unreasonable Delay—Negligence.**

Evidence considered and held to show no valid excuse for delay in furnishing a shipper with cars within a reasonable time, and to afford no basis for a charge that if the carrier used ordinary care and diligence to furnish the cars, and could not furnish them earlier than it did, it would not be liable for damages resulting from the delay.

**3.—Same—Expenses Incurred Through Delay Must Be Shown Reasonable.**

It was error for the court to charge that plaintiff could recover whatever expenses the jury should find he incurred for pasturage and feed for his cattle caused by the delay in furnishing cars without any qualification that the expenses so incurred must have been reasonably necessary.

**4.—Same—Remittitur.**

Such error in the charge could be cured by remittitur of the amount of such expenses as claimed in plaintiff's petition.

Appeal from the District Court of Mitchell. Tried below before Hon. James L. Shepherd.

*J. M. Wagstaff,* for appellant.

*Cowan & Burney,* for appellee.

STEPHENS, Associate Justice.—On the 8th, 9th or 10th of November, 1902, the evidence varying as to the time, oral application was made in behalf of appellee Powell to the local agent of appellant at Colorado, Texas, for fifteen stock cars to be furnished at that place the 14th of said month for the transportation of beef cattle to East St. Louis, via the Missouri, Kansas & Texas route. Appellant received the application and undertook to furnish the cars, without specifically agreeing, however, to furnish them at any specified time, but failed to furnish them before the 18th of said month, when the cattle, which had been tendered on the 14th, were finally received and forwarded to market. Besides the delay at Colorado, there were several hours delay between Colorado and Fort Worth and between Fort Worth and East St. Louis, in consequence of which the cattle reached their destination a day late, in bad condition and after the market had declined. The delay of four or five days at Colorado, while appellee was waiting for cars, was attended with unavoidable injury to the cattle and expense in taking care of them. The verdict against appellant for $1046.56, of which no complaint is made, establishes its negligence and liability as alleged and found by the jury. The verdict was also against the Mis-

souri, Kansas & Texas Railway Company for $165.76, but it did not appeal, and in favor of the Missouri, Kansas & Texas Railway Company of Texas.

The court, after instructing the jury that it was the duty of appellant to furnish the cars within a reasonable time after the application for them had been made and that a failure to do so would constitute negligence, gave the following charge, which is complained of for being on the weight of the evidence: "Now if you believe from the evidence in this case that plaintiff made application to the Texas & Pacific Railway Company at Colorado, Texas, for a certain number of stock cars, in which plaintiff might transport his cattle to market, and that defendant, the Texas & Pacific Railway Company, failed to furnish plaintiff with said stock cars for said shipment within a reasonable time after said application was made; and if you further believe that on the 14th day of November, 1902, plaintiff tendered his said cattle for shipment to said Texas & Pacific Railway Company, and that said railway company refused to accept same on account of not having stock cars at hand to ship said cattle; and if you further believe from the evidence that such failure, if any, to furnish stock cars caused plaintiff to hold his said cattle in a small pasture, and that plaintiff's said cattle were injured by loss in weight and flesh, and that plaintiff was compelled to undergo divers and sundry expenses in the maintenance and care of said cattle from the 14th day of November, 1902, to the 18th day of November, 1902, the Texas & Pacific Railway Company would be responsible for damages to plaintiff."

It is claimed that this was a charge on the weight of the evidence, because it assumed that from the time the cars were ordered till the cattle were tendered for transportation on the 14th of November was a reasonable time within which to furnish them. The language quoted undoubtedly admits of such construction, but in submitting the same issue negatively in the eleventh paragraph of the charge the court seems to have interpreted the paragraph complained of to mean that it was for the jury to determine whether or not the failure to furnish cars on the 14th of November was negligence, paragraph 11 reading: "If you should find that the initial carrier, the Texas & Pacific Railway Company, was not guilty of negligence in failing to furnish cars for shipment on the 14th day of November, 1902, and you should further find that none of the defendants were guilty of negligence in transporting said cattle, then you will find for all of the defendants." It rather seems to us, therefore, when the two paragraphs are read together, as they should be, the court did not invade the province of the jury; evidently he did not intend to do so. Besides, we are inclined to the opinion, for substantially the same reasons given in Texas & Pacific Railway Company v. Smith & White, this day decided, that the facts of this

case'.would have warranted the court in making the assumption in question. True, the time was shorter in this case than in that, and the testimony of Gilbert, the train dispatcher, was fuller, but it fell far short of affording anything like a satisfactory explanation of the delay. Indeed, the circumstances tended strongly to prove, if they did not conclusively establish, that the cars ordered for appellee were at Colorado when he tendered his cattle for shipment on the 14th of November, but were furnished to another shipper whose order for cars made November 7th had been overlooked. True, it may be, as contended by appellant, that it was its duty to apply the cars to the prior order, but that does not weaken the probative force of the fact that appellant did procure the necessary cars on appellee's order by the 14th of November, but failed to furnish them to him because of its previous neglect of a prior order. The circumstances also tended to show that no steps were taken to procure the cars finally furnished appellee till about the time the cars already procured were turned over to another. So far, then, from rebutting the inference of negligence arising from appellant's failure to furnish the cars at the appointed time, the circumstances in proof, to say the least, rather strengthened the inference.

There was, therefore, nothing in the evidence calling for the following charge requested by appellant: "If you believe from the evidence that the Texas & Pacific Railway used ordinary care and diligence to procure the cars as ordered by the plaintiff, and that it could not procure the cars for plaintiff earlier than the 18th of November, 1902, by the use of ordinary care and prudence, then you will not find in that event any damages, if any, by reason of the failure to furnish cars earlier."

Nor did the court err in refusing to instruct the jury to relieve appellant from that part of the damages proximately resulting from "the wild and nervous condition" of the cattle, if for no other reason, because the evidence was not such as to enable them to perform a task so inherently difficult.

As to the rulings on the admission of testimony, it is perhaps sufficient to say that the brief fails to state what objections, if any, were made to the evidence. Similar rulings, however, were approved in the companion case already mentioned, and the only one not involved in that case we now approve.

This brings us to the last assignment, complaining of this charge: "And to the amount thus found, if anything, you will add whatever expenses you find that plaintiff incurred by the pasturage, feeding and hiring of hands, if any, at Colorado, Texas, to care for and attend to said cattle from the 14th of November, 1902, to the day of shipment." The proposition submitted under this assignment is that appellant was only liable for such expenses as were reasonably necessary, and the charge did not contain this qualification. The proposition is sound and the

assignment must be sustained under repeated decisions in this State. Appellee will therefore be required to remit the items mentioned in the statement under this assignment.

For the error in the charge last quoted the judgment must be reversed unless the remittitur is filed as indicated within fifteen days, in which case the judgment in other respects will be affirmed except as to costs of appeal, which will be taxed against appellee.

*Affirmed upon remittitur.*

Writ of error refused.