## J. W. RIGGINS v. CITY OF WACO.

### Application No. 4933.   Decided May 16, 1906.

1.—Removal of Officer—Review by Courts.

In an action to recover plaintiff's salary as mayor of a city, claimed on the ground that the City Council had exceeded its authority in removing him from office, the courts are limited to an inquiry as to whether such action was upon a hearing on charges duly preferred and supported by evidence tending to prove them.   (P. 32.)

2.—Same.

Where the question whether the removal of the mayor from office by the City Council was done on evidence tending to establish the misconduct in office charged against him depended upon a judgment of the motive disclosed by his acts in certain controversies with the Council, the decision was one intrusted to the Council itself, in impeachment proceedings, and could not be reviewed by the courts.   (P. 33.)

Application for writ of error to the Court of Civil Appeals for the Third District, in an appeal from McLennan County.

Riggins, who had sued the city for salary as mayor, applied to the Supreme Court for a writ of error on the affirmance, on his appeal, of a judgment for defendant.

*Baker & Thomas,* for applicant.

WILLIAMS, ASSOCIATE JUSTICE.—The decision of the Court of Civil Appeals sought to be reviewed by this application is reported in 90 S. W. Rep., 657, where a statement of the nature of the action may be seen.   The plaintiff in error, in a former suit, sought relief by writ of mandamus to restore him to the office from which he had been removed, which relief was denied by the District Court and the Court of Civil Appeals.   (Riggins v. Richards, 79 S. W. Rep., 84.)   A writ of error was granted by this court from the decision last referred to, but before the case could be disposed of the term of office expired and the cause was dismissed "without prejudice to relator's right to bring an action for his salary." (97 Texas, 526.)   This action was then brought by plaintiff in error.

The application for the writ of error has received very careful attention, with the result that the court has reached the conclusion that it can not interfere with or disregard the action of the City Council whereby plaintiff in error was removed from office.   The power of removal is vested in that body by law, and no power of review, merely, is given to the courts.   The law requiring that the removal should be for specified causes and after a hearing, the council was not empowered to deprive the mayor of his office arbitrarily or capriciously; and the courts, as incidental to their power to determine and enforce his right to the office, may inquire whether or not the Council exceeded its lawful authority in the attempted removal so that its action may be treated as a nullity, but beyond this have no rightful power over the subject.   The most that

could be asserted in favor of the power of the courts is that they may inquire whether or not charges were duly preferred, a hearing had and evidence adduced tending to sustain them. No question is made about the first two requirements, but it has been the contention of plaintiff in error, throughout, that the evidence adduced at the hearing, which is reported in the record before us, did not prove nor tend to prove him guilty of any acts or omissions constituting grounds for removal under the charter. Whatever might be the view taken by this court of the evidence and the inferences to be drawn from it, we have found ourselves unable to say that none was introduced which the City Council, acting fairly, might have found sufficient. We may say that we should regard it, throughout, as showing merely differences of opinion between the mayor and the Council upon subjects about which honest differences might exist, but we can not say that no other inference could be indulged concerning some of the matters on which the charges are based. We were much impressed with the view that the mayor was legally right in his position that the action of the Council changing the salary of the City Council was unauthorized by the charter and it was this which caused us to grant the writ of error in the mandamus proceeding, this question being one upon which the decisions of the lower courts were largely based. But from the record and such portions of the charter and ordinances as have been called to our attention, we are unable to say that he was right in the Nicholson and Nelson matters, and in the employment of the stenographer. We do not, of course, mean to imply that mere mistakes on his part and differences of opinion in the construction of the charter and the ordinances, would at all authorize the Council to remove him; but, at the same time, when the question arises as to his motives and intentions in the different controversies, they can only be inferred in this, as in other cases, from his course of conduct, and the inference is to be drawn by the body constituted by the law and not by the courts. Should we say that he was guilty of nothing constituting ground for his removal because, although mistaken in his opinion, his motives and intentions were good, we should simply be substituting our judgment for that of the Council to whom the law intrusts the determination of such matters. We must, therefore, deny the writ.

*Refused.*