### MILES v. LOGAN et al. (No. 1191.)

(Court of Civil Appeals of Texas. Beaumont. Oct. 20, 1924.)

**1. Injunction ⬅=81—Injunction to restore official position to one illegally removed from office held not proper remedy.**

Injunction to restore petitioner to his official position as city clerk, from which office he was illegally removed, *held* not proper remedy.

**2. Injunction ⬅=81—Remedy stated for restoration to official position from which one illegally removed.**

One desiring to be restored to official position from which he was illegally removed must seek relief by mandamus, quo warranto, or some other adequate remedy at law.

**3. Injunction ⬅=81—Equity will not protect from removal from office by agency authorized by law to remove person.**

Courts of equity will not interfere to protect person from removal from office by a man or body of men to whom power to remove is given by law.

**4. Municipal corporations ⬅=218(9) — Rule stated as to power of equity to entertain appeals from decrees of administrative bodies discharging employees.**

Courts of equity cannot entertain appeals from decrees of administrative bodies, vested with authority to discharge employees under civil service regulations, rendered pursuant to such authority.

**5. Municipal corporations ⬅=159(6)—Allegation held not to show all evidence against removed officer related to acts not unlawful when consummated.**

In suit to have petitioner restored to office of city clerk from which he was removed by city commissioners, allegation, that evidence of some of witnesses at hearing related to things done by petitioner before passage of ordinance defining offenses constituting grounds of removal, *held* not equivalent to allegation that such was effect of all evidence.

**6. Municipal corporations ⬅=159(6)—Injunction to restrain city commissioners from removing petitioner from office held properly refused in view of insufficiency of allegations.**

Injunction to restrain city commissioners from removing petitioner from office of city clerk *held* properly refused because of insufficiency of petitioner's allegations to negative inference arising from facts pleaded that some lawful evidence was introduced against him at hearing to support charges for which he was removed.

**7. Municipal corporations ⬅=159(5)—Removed officer held not to show complaint upon which he was removed was insufficient to apprise him of charge.**

Where petitioner, seeking to be restored to office of city clerk from which he was removed by city commissioners, specially pleaded and admitted regularity of ordinance defining offense for which he was removed, and it appeared some of the charges in complaint against him were in language of ordinance, and set forth with sufficient certainty facts constituting the offense, petitioner did not show insufficiency of charges.

Appeal from District Court, Jefferson County; J. D. Campbell, Judge.

Petition by E. H. Miles for restraining order against J. P. Logan and others, as City Commissioners of City of Port Arthur. From a judgment refusing relief, petitioner appealed to Court of Civil Appeals, which granted temporary order. Temporary order dissolved, and trial court's judgment affirmed.

Raymond L. Murray, of Port Arthur, for appellant.

Wistner & White, of Port Arthur, for appellees.

WALKER, J. This is an appeal from an order of one of the district courts of Jefferson county denying and refusing appellant a temporary injunction to restrain the appellees from interfering or hindering him in the performance of his duties as city clerk of the city of Port Arthur, Tex. After the refusal of this relief by the trial court, this court granted appellant a temporary restraining order, maintaining the status quo, as reflected by his petition, pending his appeal.

As the proper construction of appellant's petition presents one of the most important questions in this case, we here set it out in full.

"Now comes E. H. Miles, who resides in Jefferson county, Tex., hereinafter called plaintiff, and complaining of H. P. Logan, B. H. Wiley, B. J. Wade, and Jesse Hamilton, who also reside in Jefferson county, Tex., and who are hereinafter called defendants, respectfully shows to the court for cause of action:

"That the plaintiff is now and has been for the past five years city clerk of the city of Port Arthur, Tex., in Jefferson county; the defendants Logan, Wiley, and Wade are the duly elected, qualified, and acting city commissioners of the city of Port Arthur, Tex.; that the city of Port Arthur, Tex., is a duly incorporated city by virtue of a charter granted it by act of the Legislature of the state of Texas in 1911.

"That on or about the 18th day of November, A. D. 1922, the charter of the said city of Port Arthur was amended by vote of the qualified voters of said city, and the following amendment to the said charter was adopted and is now in force and effect:

" 'Charter Amendment Number Three. Sec. 19. Civil Service.—The commission of the city of Port Arthur shall adopt civil service regulations to govern the election or appointment of the city clerk, the assessor and collector of taxes and chief bookkeeper of the water and sewer department, and may adopt civil service regulations to govern the election or appointment of persons to any appointive position or employment in any or all the departments of said city, and to govern all promotion, service, or conduct while filling such positions and may provide for passing of an examination by any and all such employees.'

"That pursuant to the said charter amendment, the city commission of said city made, passed, and adopted ordinance No. 574 on the 10th day of March, 1923, a copy of which is hereto attached, made a part hereof, and marked 'Exhibit A.'

"That said ordinance was amended on or about the 19th day of June, A. D. 1924, a copy of which amendment is attached hereto and made a part hereof, and marked 'Exhibit B.'

"That said ordinance was amended on the 11th day of August, 1924, a copy of which amended ordinance is attached hereto and made a part hereof, and marked 'Exhibit C.' That said last mentioned ordinance is now in force and effect.

"That on or about the 29th day of June, 1924, the city commission of said city, defend-ants Logan, Wiley, and Wade, attempted to discharge the plaintiff from his said office unlawfully, and passed a resolution declaring the said office vacant, effective July 1, 1924. That this honorable court issued a writ of injunction restraining them from interfering with or hindering the plaintiff in the performance of his duties as said city clerk, on the 29th day of June, 1924, and that said writ of injunction was made permanent on the 30th day of July, 1924. That afterwards, to wit, on the 11th day of August, 1924, the said defendants passed the last above-mentioned ordinance, acting as the city commission of the said city of Port Arthur, Tex.

"That on or about the 18th day of August, 1924, the defendant B. H. Wiley filed with the city commission of the said city a copy of alleged charges, a document made up of vague and indefinite phrases, a copy of which is hereto attached and made a part hereof and marked 'Exhibit D,' which purported to be a complaint under oath in compliance with the terms and provisions of the said ordinance; that on or about the 21st day of August, 1924, the defendants Logan, Wiley, and Wade, acting as city commissioners of the said city, went through the form of a hearing upon such alleged charges and complaint, and attempted to remove plaintiff from his office of city clerk of the said city, and also attempted to place the defendant Jesse Hamilton in the office of said city clerk, as said city clerk.

"Plaintiff further shows to the court that said alleged complaint is insufficient in many particulars, first, in this, that it does not set forth a single occurrence, the time or place of happening of anything charged against this plaintiff, nor does it give any facts or statement of any occurrence about which plaintiff stood charged before the said city commission, and therefore did not apprise plaintiff of what he was charged with so that he might know in advance of the hearing with what offenses he was charged and against which he would be obliged to defend; second, in this, that said complaint stated no facts or occurrences, but stated only the conclusions of the person making the statement, which conclusions were general, fanciful, and based upon nothing but the ire and personal dislike of the party who made such statement, toward the plaintiff, and were based upon no reasonable statement of fact.

"Plaintiff further alleges that plaintiff, before the start of the said hearing, urged the said city commission to complete the said alleged complaint, pointing out that it was deficient as above set forth, but that this they refused to do, the defendant J. P. Logan, who presided at said hearing, disregarding such request and suggestion and stating that he would pay no attention to such 'technicalities,' and they thereupon proceeded with the said alleged hearing, with the previously announced and formed intention of removing plaintiff from his said office.

"Plaintiff further alleges that a number of employees of the said city, the majority of whom were the appointees of the said commissioners, were sworn as witnesses, in support of the said complaint, and that they testified to various incidents which had occurred in the past, all of which had occurred prior to the date of passage of the ordinance under which plaintiff was then about to be tried; that the

whole burden and gist of the said testimony was that they, the witnesses, did not like the plaintiff personally, and disliked to have to receive information from him through his deputy instead of in person; that in no case was it testified to by any one that plaintiff was incompetent as an auditor or in any other way in the discharge of his duties; that the plaintiff objected to such testimony as had been introduced which concerned happenings which had taken place prior to the date of the passage of the city ordinance relating to the conduct of the city clerk, upon the ground that to consider the same would be to place in effect a law retroactive or ex post facto in its nature, which objection was not heeded in any manner; that nothing was alleged or proved on such hearing showing the plaintiff had committed any act at any time for which he can lawfully be removed from his said office, under the existing charter and ordinances of the said city; that notwithstanding such facts, the said commissioners proceeded to ballot, finding the plaintiff guilty of the charges, whatsoever they might be, and declared him removed from his said office.

"Plaintiff alleges that said alleged trial and hearing were farcical, unfair, prejudiced, and that it was impossible for him to obtain a fair and impartial hearing; that the decision of the said commissioners was arrived at in an arbitrary manner, without any regard whatsoever to the facts and justice and law of the matter; that this said attempt to remove him from his said office was based purely upon personal ill-feeling toward plaintiff and defendants J. P. Logan and B. H. Wiley; that said defendant Logan had announced prior to the hearing that he was going to discharge plaintiff; that plaintiff has at all times discharged his duties fairly and honestly and capably; and that no testimony was even introduced at such hearing that he is incompetent, or guilty of any misfeasance or malfeasance or of any other conduct for which he could lawfully be removed from his said office.

"Plaintiff alleges that the said attempted removal of himself from said office was unlawful, without due process of law, and void, and that he is still lawfully entitled to his said office as city clerk of the said city; that the said defendants are attempting to hinder and interfere with him in the performance of his duties as such city clerk of the said city; that they have locked him out from his office and records used in keeping his books and necessary in the performance of his duties as such clerk; and that he is greatly hampered in his duties by them.

"Wherefore, the plaintiff prays the court that this honorable court issue a writ of injunction, restraining the defendants J. P. Logan, B. H. Wiley, and B. J. Wade and Jesse Hamilton from interfering with or hindering the plaintiff E. H. Miles in the performance of his duties as city clerk of the city of Port Arthur, Tex., and for such other and further relief, special and general, as he may be justly entitled to receive, and that this said court issue its temporary writ of injunction as above prayed for, until the further order of this court."

Exhibit C of appellant's petition defines the offenses authorizing the removal of a civil service employee, as follows:

"That all employees occupying positions in the service of the city of Port Arthur, Tex., which have been placed under civil service regulations shall be subject to removal or dismissal for the following reason, to wit:

"(a) Has been convicted of a criminal offense or of a misdemeanor involving moral turpitude; or

"(b) Has been guilty of any conduct unbecoming an officer, or employee of the city of Port Arthur; or

"(c) Has violated any lawful and reasonable official regulation or order, or failed to obey any lawful or reasonable official regulation or order, or failed to obey any laws or reasonable direction made and given by his superior officer, where such violation or failure to obey amounts to an act of insubordination or a serious breach of proper discipline, or resulted or reasonably might be expected to result in loss or injury to the city of Port Arthur, or to the public; or

"(d) Has been guilty of acts which amount to an act of insubordination, or to disgraceful conduct, whether such acts were committed while on duty or off duty; or

"(e) Is wantonly offensive in his conduct or language towards the public or towards the city officials or officers or employees or is profane or vulgar toward any person in any public place; or

"(f) That he has solicited the vote of a member of the city commission for or against a proposed ordinance or resolution, or a proposed item in a budget, or an appropriation ordinance concerning his department, where such solicitation is charged and established to have been made elsewhere than at a public hearing of the city commission or some committee thereof; or

"(g) That he is incompetent or inefficient in the performance of the duties of his position; or

"(h) Is careless or negligent of the property of the city of Port Arthur; or

"(i) Has been induced, has induced or has been attempting to induce an officer or employee in the service of the city of Port Arthur, to commit an unlawful act or to act in violation of any reasonable and lawful departmental or official regulation or order, or has taken any fee, gift or other valuable thing in the course of his work or in connection with it, for his personal use from any citizen, when such fee, gift or other valuable thing is given in the hope or expectation of receiving a favor or better treatment than that accorded other citizens; or

"(j) Has been unduly active in municipal, precinct, county or state politics; however, nothing in this clause shall be construed as limiting an employee's right to vote; or

"(k) Has solicited, orally or by letter, or received or paid or has been in any manner concerned in soliciting, receiving or paying any assessment, subscription or contribution for any political candidacy, party or purpose whatsoever; or

"(l) Has been guilty of maligning any other officer or employee of the city of Port Arthur, or making any false or unwarranted statements against any such employee, provided, that this clause does not apply where the employee, in good faith, prefers charges in writing against another employee, with a view of having said

employee up for hearing before the proper tribunal of the city of Port Arthur on such charges; or

"(m) For the good of the service; or.

"(n) Any conduct whatsoever amounting to misfeasance or malfeasance in office; or

"(o) Any conduct on the part of the employee of said city of Port Arthur rendering him unfit to hold a position with said city of Port Arthur."

The following is a copy of the charges filed against appellant as reflected by Exhibit D of his petition:

"B. H. Wiley, commissioner of finance of Port Arthur, Tex., after having been duly sworn, says that he has reason to believe and does believe that E. H. Miles, city secretary of said city, has been and is guilty of the following acts and conduct hereinafter set out, to wit:

"(1) That E. H. Miles is guilty of misfeasance in office, in that he refused to cultivate the good will and co-operative spirit of his co-work'ers in the city employ, thereby greatly impairing the service in all departments, and created a state of discord that is highly detrimental to the city of Port Arthur.

"(2) That E. H. Miles is guilty of personal antagonism towards members of the commission in such a pronounced manner that he cannot serve the best interest of the city by entering into his duties in relation to other city officials in a manner calculated to produce the best results.

"(3) That E. H. Miles is guilty of deliberately trying to create discord among members of the commission, as well as other officials of the city, by bearing tales from one to another, calculated to bring about a state of unfriendliness and destroying that fraternity of good feeling that is essential to the successful co-operation of all members of the city government.

"(4) That E. H. Miles is guilty of deliberate insubordination towards his immediate superior, the commission of finance, and that his manner is one of so obviously purposeful discourteous, as to render his services under the commissioner of finance no longer possible.

"(5) That E. H. Miles is guilty of devoting so great a part of his time to activities designed to make trouble unnecessarily and without just cause, for the administration and its heads of departments, that the city has suffered by inaccuracies in his work, which has caused damage by delays and also financial loss.

"That because of the matters above listed, a harmonious, co-operative, and enthusiastic spirit among the employees and officials of the city cannot prevail, and that therefore the good of the service generally demands his removal from the office he now holds."

Appellant did not make a transcript of the evidence on his trial an exhibit to his petition.

## Opinion.

[1] As against appellant's contention, we conclude that he is now out of office, and is asking to be restored therein by injunction. What other construction could be given his petition? He says that charges were filed against him; that he was served with notice, and a hearing was had thereon; that "said

commissioners proceeded to ballot, finding plaintiff guilty of the charges, * * * and declared him removed from his said office, * * * and that they have locked him out from his office and records used in keeping his books and necessary in the performance of his duties as such clerk, * * * and that they also attempted to place the defendant Jesse Hamilton in the office of said city clerk." If anything remains to be done to take appellant out of the office of city clerk, it does not appear from his allegations. However wrongful and illegal the conduct of the city commission may be, it is clear that they have removed appellant from office. Being out of office, he cannot have an injunction to restore him to his official position. He must seek his relief by mandamus, quo warranto, or some other adequate remedy at law. Callaghan v. McGown (Tex. Civ. App.) 90 S. W. 319; Callaghan v. Tobin, 40 Tex. Civ. App. 441, 90 S. W. 328; Callaghan v. Irvin, 40 Tex. Civ. App. 453, 90 S. W. 335; and the Riggins Cases, reported in 30 Tex. Civ. App. 242, 70 S. W. 578; 97 Tex. 229, 77 S. W. 946; (Tex. Civ. App.) 79 S. W. 84; 97 Tex. 526, 80 S. W. 524; 40 Tex. Civ. App. 569, 90 S. W. 657; 100 Tex. 32, 93 S. W. 426.

[3] Again, if appellant is not out of office, he cannot have his injunction to restrain the city commission from removing him. On the allegations of his petition, the power to remove a civil service employee of the city of Port Arthur is vested in the city commission, and the form and manner of removal is fully prescribed by duly enacted city ordinances. It is the law of this state that—

"Courts of equity will not interfere to protect a person from removal from office by a man or body of men to whom the power to remove is given by law." Callaghan v. Tobin, supra.

See, also, the other cited authorities.

[4] But, if appellant should be right in his proposition that a court of equity can restrain the city commission from removing him, he has not pleaded facts sufficient to invoke that remedy. Courts of equity cannot entertain appeals from the decrees of administrative bodies vested with authority to discharge employees under civil service regulations. Judge Key said, in one of the Riggins Cases (Tex. Civ. App.) 79 S. W. 86:

"Human wisdom has never devised a system of government that did not vest final authority in one or more persons; and when that authority involves discretion, and has been exercised, the courts are powerless to grant relief, however unwisely or unjustly it may have been done."

[5, 6] But a civil service employee is not absolutely at the mercy of the man or body of men vested with the power of removal. Speaking of the jurisdiction of the city council of the city of Waco to remove Riggins,

and of the authority of the Supreme Court to review its act, Judge Williams said, in another Riggins appeal, 100 Tex. 32, 93 S. W. 426:

"The power of removal is vested in that body by law, and no power of review, merely, is given to the courts. The law requiring that the removal should be for specified causes and after a hearing, the council was not empowered to deprive the mayor of his office arbitrarily or capriciously; and the courts, as incidental to their power to determine and enforce his right to the office, may inquire whether or not the council exceeded its lawful authority in the attempted removal so that its action may be treated as a nullity, but beyond this have no rightful power over the subject. The most that could be asserted in favor of the power of courts is that they may inquire whether or not charges were duly preferred, a hearing had and evidence adduced tending to sustain them."

Now, appellant admits that charges were filed against him, notice given, and a hearing had, but fails to allege that evidence was not introduced tending to support the charges. His allegation that the evidence of some of the witnesses related to things done by him before the passage of the ordinance defining the offenses constituting grounds of removal is not an allegation that such was the effect of all the evidence. Having failed to bring up the evidence on which he was heard, appellant should have alleged affirmatively that all of the evidence against him related to acts which at the time committed were not unlawful. It was said in Gillis v. Rosenheimer, 64 Tex. 246, that a "petition for injunction should state all, and negative all, which is necessary to establish a right," quoting the rule in Harrison v. Crumb, White & W. Civ. Cas. Ct. App. § 992. Appellant did not negative the inference arising from the facts pleaded by him that some lawful evidence was introduced against him. The injunction was rightly refused on the ground of insufficiency of appellant's allegations in the respect just discussed.

[7] But in the judgment of this court this proposition has no application to the law of appellant's case, as he can in no event have an injunction to restrain appellees from removing him from his office, or to restore him when removed. The charges against appellant, while indefinite and uncertain in some respects, are not for that reason fatally defective. It would have been better and fairer to appellant for the complainant to have set out the facts in detail with which he was being charged, but some of the charges are in the exact language of the ordinance, and set forth with sufficient certainty the facts constituting the offense. For instance, the city commission, under the ordinance, was authorized to remove appellant "for the good of the service." The facts on which this charge is based are set out in the complaint.

While this offense as defined, in the language of the ordinance, is itself indefinite and uncertain and broad and general, appellant has in no way attacked it as being void, but has specially pleaded its enactment, and admits its legality.

The restraining order heretofore granted by this court is ordered dissolved, and the action of the trial court in denying the temporary injunction is in all things affirmed.