Robert Julio GARZA, Ruben Garza, Cruz Gonzalez, Jr., Juan Gonzalez and Miguel S. Leal, Individually and in Their Official Capacity as Council Members for the City of Robstown, Juan Perales, Individually and in His Official Capacity as City Attorney for the City of Robstown, and the City of Robstown, Appellants,

v.

Julio GARCIA, Jr., Individually and in His Official Capacity as Mayor for the City of Robstown and Bernardo Sandoval, Individually and in His Official Capacity as City Secretary for the City of Robstown, Appellees.

No. 13–89–253–CV.

Court of Appeals of Texas, Corpus Christi.

Feb. 1, 1990.

Rehearing Overruled Feb. 28, 1990.

Juan Perales, Robstown, for appellants.

Arnold X. Medina, Amador C. Garcia, Corpus Christi, for appellees.

Before SEERDEN, UTTER and KENNEDY, JJ.

## OPINION

SEERDEN, Justice.

The trial court, in a suit for declaratory and injunctive relief by the Mayor of Robstown following his purported removal by the City Council, declared the resolution of removal void and permanently enjoined the former councilmen and city attorney from enforcing it. The appellants raise three points of error. The first two contest the legal and factual sufficiency of the evidence to support the finding that the City Council denied the Mayor due process of law when he was purportedly removed. The third point asserts that the trial court was "without authority to interfere with the discretion exercised by a legislative branch of government." We affirm the trial court's order.

The City of Robstown is a home rule city, under the Home Rule Amendment to the Texas Constitution, Article XI, Section 5. This Court can take judicial notice of its charter, which is in the record. *See Smith v. City of Port Arthur,* 62 S.W.2d 385, 386 (Tex.Civ.App.—Beaumont 1933, no writ). The Charter's Section 6 provides that city government consists of a mayor and 5 aldermen. Section 9 of the Charter states, "The mayor and each of the five councilmen shall be at least 25 years of age; shall be a citizen of the United States of America and a qualified voter in the State of Texas, and shall have resided for at least two years next preceding the election within the corporate limits of Robstown. A member of the council ceasing to possess any of the qualifications specified in this section, or convicted of a felony while in office, shall immediately forfeit his office." Section 25 provides a procedure for removal of a municipal officer by recall.

Appellants claim that Local Government Code Ann. § 21.002 (Vernon 1988) provides the authority to remove the mayor in conjunction with Robstown City Charter § 13, which sets a quorum to do business, and states, "The affirmative vote of a majority of all the members of the city council shall be necessary to adopt any ordinance, resolution or order, except upon a vote to adjourn, or upon an action regulating the attendance of absent members, a majority vote of the members present shall be sufficient." Section 21.002 of the Local Government Code provides authority for removal of a mayor but expressly applies only to general-law municipalities.

A home rule city looks to the legislature not for a grant of power to act but only to ascertain whether the legislature has limited the city's constitutional power. *State ex. rel. Rose v. City of La Porte,* 386 S.W.2d 782, 785 (Tex.1965); *Royal Crest, Inc. v. City of San Antonio,* 520 S.W.2d 858, 865 (Tex.Civ.App.—San Antonio 1975, writ ref'd n.r.e.). A grant of power of removal from office is strictly construed and whatever is not given in unequivocal terms is withheld and not implied. *Diffie v. Cowan,* 56 S.W.2d 1097, 1101 (Tex.Civ. App.—Texarkana 1932, no writ); *see also State v. Averill,* 110 S.W.2d 1173, 1175 (Tex.Civ.App.—San Antonio 1937, writ ref'd).

We conclude that § 13 of the City Charter does not override the more specific provisions for removal of a mayor in § 9, and that § 21.002 of the Local Government Code does not apply to the City of Robstown and did not authorize the removal. Thus, the City Council of the City of Robstown had no authority to remove the Mayor and their attempt to do so was properly enjoined.

Appellants claim that the injunction violates the separation of powers between the legislative and judicial branches of government, citing *Lewis v. City of Fort Worth*, 126 Tex. 458, 89 S.W.2d 975 (1936) and *Riggins v. Richards*, 79 S.W. 84, 86 (Tex.Civ.App.—Austin, 1904), *writ refused with opinion sub. nom. Riggins v. City of Waco*, 100 Tex. 32, 93 S.W. 426 (1906). In *Lewis*, the Supreme Court explained that the judgment of a governing body (the city council) having discretionary power would not be reversed unless the body's action was illegal, unreasonable, or arbitrary. It found that the questioned expenditures were within the council's authority and discretion, and declined to substitute its judgment or discretion. In this case, however, the city council acted without authority. In *Riggins v. City of Waco*, 100 Tex. 32, 93 S.W. 426, 427 (1906) the Supreme Court reviewed *Riggins v. Richards*, a case in which a city council removed a mayor, and stated that "the courts, as incidental to their power to determine and enforce this (the mayor's) right to the office, may inquire whether or not the council exceeded its lawful authority in the attempted removal so that its action may be treated as a nullity...." Thus, the courts may review a city council's actions for abuse of discretion and due process. We overrule point three.

Since there was no authority for the process by which the mayor was purportedly removed, questions of the sufficiency of the evidence at the hearing are irrelevant. We overrule points one and two.

We AFFIRM the trial court's order.