**Carroll HUNTRESS, Howard Dudley, Jerry Moore, and Al Oien, Relators,**

**vs.**

**Hon. Bob McGRATH, Judge 342nd District Court, Tarrant County, Texas, Respondent.**

No. 2–97–103–CV.

Court of Appeals of Texas, Fort Worth.

May 8, 1997.

---

Kelly, Hart & Hallman, P.C., and Marshall M. Searcy, Dee J. Kelly, Jr., and William N. Warren, Fort Worth, for relators.

Chris Harris & Associates, P.C., Arlington, and Goins, Underkofler, Crawford & Langdon, and E. Eldridge Goin, Jr., James M. Morris and Jeffrey Wigder, Dallas, for real party in interest.

Before DAY, BRIGHAM and HOLMAN, JJ.

## OPINION

BRIGHAM, Justice.

The issue in this mandamus proceeding is whether Respondent the Honorable Bob McGrath abused his discretion in enjoining proceedings conducted by city aldermen pursuant to section 21.002 of the Local Government Code for removal of a mayor from office in a general-law municipality. Because we find Respondent abused his discretion, we conditionally grant the writ of mandamus.

## BACKGROUND

A detailed recitation of the procedural history of this case is necessary to an understanding of the legal issues presented.

## The Dudley Complaint

The real party in interest Scott Bradley is the elected Mayor of Westlake, Texas, a Type–A general-law municipality located partially in Tarrant County (with the town hall in Tarrant County). The Relators are four of the five elected Aldermen of Westlake.

On April 14, 1997, Relator Howard Dudley filed a complaint against Bradley pursuant to section 21.002 of the Texas Local Government Code charging Bradley with incompetency and official misconduct (the "Dudley complaint"), and seeking Bradley's removal from office. See TEX.LOC.GOV'T CODE ANN. § 21.002 (Vernon 1988). This complaint was filed with Relator Carroll Huntress who, as Mayor Pro Tem, scheduled a public hearing on the complaint for 10:00 a.m. on April 28, 1997. See id.

On April 18, 1997, Bradley notified the Board of Aldermen of his position that the hearing scheduled on the Dudley complaint should be canceled because: section 21.002 violates article II, section 1 of the Texas Constitution and is therefore unconstitutional; a majority of the Board of Aldermen will not exist that can hear this matter because Aldermen Huntress, Dudley, and Oien are disqualified for the reason that they are biased, prejudiced, and have conflicts of interest; and the hearing process is being used for the unconstitutional purpose of illegally influencing an election.

## Proceedings In The Trial Court

On April 23, 1997, Bradley filed suit in the district court setting out the same allegations as were in his April 18 letter and seeking: damages for defamation; a declaratory judgment that section 21.002 is unconstitutional on its face or as applied in this case; and temporary and permanent injunctive relief restraining the Aldermen from holding any hearing on the Dudley complaint.

On April 23, 1997, Respondent issued an order that Relators:

[T]ake no action to remove Mayor Scott Bradley until after they have had an opportunity to meet, discuss and act, in accordance with the Open Meetings Law, on reaching an agreement regarding the pro-

cedure to be followed in any such removal action.

On April 24, 1997, Respondent signed a temporary restraining order enjoining Relators from proceeding with the April 28 hearing on the Dudley complaint, and setting a hearing on the request for temporary injunction for May 1, 1997. Respondent's order states:

> [I]t appearing to the Court that the materials on file indicate that a fair and impartial hearing for Bradley will not be possible because of predisposition and prejudices of the aldermen, which will cause immediate and irreparable harm and damage to Bradley for which there is no adequate remedy at law because he will lose his elected office and ability to continue as Mayor of the Town of Westlake in a proceeding that violates his Constitutional rights and public policy.

## Proceedings In The Court of Appeals

On April 25, 1997, Relators filed the instant mandamus proceedings alleging Respondent abused his discretion in enjoining the hearing scheduled on the Dudley complaint. Relators sought immediate temporary relief from Respondent's orders, and alleged they had a legal right to proceed with the April 28, 1997 hearing on the Dudley complaint.

On April 25, 1997, this court granted Relators' motion for leave to file their petition for writ of mandamus [1], set the matter for hearing, requested a reply from Bradley, and issued temporary orders staying the effect of Respondent's April 23 and 24 orders, thereby allowing Relators to proceed with the hearing scheduled on the Dudley complaint.[2]

## The Hearing On The Dudley Complaint

The hearing on the Dudley complaint was held on April 29, 1997, resulting in a judgment being signed that day by the Presiding Officer, Relator Carroll Huntress. The judgment states that the court heard evidence and arguments, and that two-thirds of the members of the court found Bradley guilty of the charges contained in the Dudley complaint and found that the charges are sufficient cause for removal from office as mayor. Accordingly, the judgment removed Bradley as Mayor of Westlake, and the office of mayor was declared vacant.

## Further Proceedings In The Trial Court

On April 29, 1997, Bradley filed a second application for temporary restraining order in the trial court cause, seeking to preclude Relators from enforcing the judgment that removed Bradley from office.

Later that day, Respondent issued a temporary restraining order and order to show cause, enjoining the enforcement of the Aldermen's judgment removing Bradley from office, and preventing anyone from taking any further action to in any way change, alter, or modify Bradley's status as Mayor of Westlake. Respondent's order recites that the hearing on Dudley's complaint was not fair and impartial because of predisposition of the Aldermen and prejudices of the Aldermen; the hearing was conducted in violation of Bradley's rights to due process as guaranteed by the Constitutions of the United States and the State of Texas, and that Relator Huntress announced he would implement the removal judgment immediately and would not abide by rule 583 of the Texas Rules of Civil Procedure which stays further proceedings on the judgment. *See* TEX. R.CIV.P. 583. Respondent's injunction is effective pending the hearing on Bradley's application for temporary injunction or the expiration of fourteen days, whichever occurs first. A hearing on the request for temporary injunction was scheduled for 9:00 a.m. on April 30, 1997.[3]

---

1. A Corrected Order was signed on April 28, 1997, reflecting a corrected trial court cause number.

2. On April 28, 1997, Bradley filed a motion for leave to file petition for writ of mandamus in the Supreme Court of Texas, seeking to vacate the order of this Court of Appeals; the motion for leave to file was overruled on April 29.

3. Respondent issued the April 29 injunction after conducting a brief hearing. The respected trial judge stated he was being extremely careful not to violate this court's orders of April 25 and 28,

### Additional Proceedings In The Court Of Appeals

After Respondent signed the April 29, 1997 temporary restraining order, Relators requested this court to stay the effect of the order, alleging the action was necessary to enforce this court's order of April 25, 1997. This court agreed and on April 30, 1997, stayed the effect of Respondent's most recent order, and directed that during the pendency of the instant mandamus action Respondent shall take no further action in the cause pending in the trial court. On May 5, 1997, this court heard arguments in this cause.

### SECTION 21.002 OF THE LOCAL GOVERNMENT CODE

The Westlake Aldermen conducted the hearing on the Dudley complaint pursuant to the Local Government Code, which provides in pertinent part:

§ 21.002. Removal of Mayor or Alderman in General–Law Municipality

. . . .

(b) In this section:

(1) "Incompetency" means:

(A) gross ignorance of official duties;

(B) gross carelessness in the discharge of official duties; or

(C) inability or unfitness to promptly discharge official duties because of a serious mental or physical defect that did not exist at the time of the officer's election.

(2) "Official misconduct" means intentional unlawful behavior relating to official duties by an officer entrusted with the administration of justice or the execution of the law. The term includes an intentional or corrupt failure, refusal, or neglect of an officer to perform a duty imposed on the officer by law.

(c) The mayor or an alderman of a municipality may be removed from office for:

(1) official misconduct;

(2) intentional violation of a municipal ordinance;

(3) habitual drunkenness;

(4) incompetency; or

(5) a cause prescribed by a municipal ordinance.

. . . .

(f) When such a complaint is made against the mayor, the complaint must be presented to an alderman of the municipality. That alderman shall:

(1) file the complaint;

(2) cause a copy of the complaint to be served on the mayor;

(3) set a date for the trial of the case; and

(4) notify the mayor and the other aldermen to appear on that day.

(g) A majority of the aldermen constitutes a court to try and determine the case against the mayor. The aldermen shall select one of the aldermen to preside during the trial.

(h) A proceeding under this section is subject to the rules governing a proceeding or trial in a justice court. If two-thirds of the members of the court who are present at the trial of the case find the defendant guilty of the charges contained in the complaint and find that the charges are sufficient cause for removal from office, the presiding officer of the court shall enter a judgment removing the charged officer and declaring the office vacant. If the defendant is found not guilty, judgment shall be entered accordingly.

TEX.LOC.GOV'T CODE ANN. § 21.002 (Vernon 1988).

---

and recited his understanding of this Court of Appeals's Order as follows:

It is the position of this court relative to the Court of Appeals corrected order dated April 28, 1997 that said order was entered after defendants took the position in the Court of Appeals that this court's orders of April 23, 1997 and April 24, 1997 were premature because they presumed the result of the "trial" to be held in the aldermen tribunal. The circumstances have changed and exhibit 1 to these proceedings is stipulated by counsel to be a true and correct copy of the judgment signed earlier today by defendant Carroll Huntress *following* said "trial" before the aldermen. It is the intent of this court to maintain the status quo in Westlake pending the immediate hearing being provided early tomorrow morning.

## RELATORS' COMPLAINTS

Relators contend Respondent abused his discretion in granting the temporary restraining orders because: he improperly interrupted the operation of a statutory proceeding as set out by the legislature in section 21.002(f); Bradley is not entitled to equitable injunctive relief because he has an adequate remedy at law for the reason that he may seek review in a state district court of any adverse decision by the Aldermen; and Respondent's orders improperly suspended the operation of section 21.002(f), in violation of the Texas Constitution which provides "[n]o power of suspending laws in this State shall be exercised except by the Legislature...." TEX. CONST. art. I, § 28.

## STANDARD OF REVIEW

In deciding whether a writ of mandamus is appropriate, we recognize that mandamus will issue only to correct a clear abuse of discretion or the violation of a duty imposed by law when there is no other adequate remedy by law. *See Walker v. Packer,* 827 S.W.2d 833, 839 (Tex.1992) (orig. proceeding); *Johnson v. Fourth Court of Appeals,* 700 S.W.2d 916, 917 (Tex.1985) (orig. proceeding). A trial court clearly abuses its discretion when it reaches a decision so arbitrary and unreasonable to amount to a clear and prejudicial error of law. *See Walker,* 827 S.W.2d at 839; *Johnson,* 700 S.W.2d at 917.

With respect to the resolution of factual issues or matters committed to the trial court's discretion, we may not substitute our judgment for that of the trial court unless the trial court could reasonably have reached only one decision and the trial court's decision is shown to be arbitrary and unreasonable. *See Walker,* 827 S.W.2d at 839–40; *Johnson,* 700 S.W.2d at 917–18.

Our review is much less deferential with respect to a trial court's determination of the legal principles controlling its ruling, because a trial court has no discretion in determining what the law is or in applying the law to the facts. *See Walker,* 827 S.W.2d at 840. Thus, a clear failure by the trial court to analyze or apply the law correctly will constitute an abuse of discretion and may result in mandamus. *See Id.*

Finally, mandamus will issue only where there is no adequate remedy at law, such as a normal appeal. *See Walker,* 827 S.W.2d at 840. An appellate remedy is not inadequate merely because it might involve more expense or delay than obtaining a writ of mandamus. *See Walker,* 827 S.W.2d at 842; *Iley v. Hughes,* 158 Tex. 362, 311 S.W.2d 648, 652 (1958).

## IMPROPER INTERRUPTION OF A STATUTORY PROCEEDING

We first address Relators' contention that Respondent abused his discretion because as matter of law he was not authorized to intervene in the proceeding that Relators held pursuant to section 21.002.

Texas has long adhered to the rule that courts of equity will not interfere to prevent removal of a person from office if that person has a remedy at law, and that the complaining official must first submit to the administrative proceeding before the official is able to challenge the proceeding. *See Crouch v. Stanley,* 348 S.W.2d 543, 545 (Tex.Civ.App.— Fort Worth 1961, no writ) (holding district court erred in enjoining probate judge from removing administrator and appointing new one because courts of equity will not interfere to protect a person from removal from office if power of removal is given by law; thus, injunction could not stand and aggrieved administrator must be left to his remedy at law and his right to appeal from order of probate court), *disapproved on other grounds, Ex parte Lindley,* 163 Tex. 301, 354 S.W.2d 364, 366 (1962); *Miles v. Logan,* 265 S.W. 421, 424 (Tex.Civ.App.—Beaumont 1924, no writ) (holding city clerk was not entitled to injunction against city commission to prevent his removal from office because the power to remove the city's civil service employees is vested in city commission as prescribed by duly enacted city ordinances); *Callaghan v. Tobin,* 40 Tex.Civ.App. 441, 90 S.W. 328, 330 (1905, writ ref'd) (holding that because power to remove chief of fire department was conferred by charter upon commissioners "[c]ourts of equity will not interfere to protect a person from removal from office

by a man or body of men to whom the power to remove is given by law"); *Riggins v. Thompson*, 30 Tex.Civ.App. 242, 70 S.W. 578, 578 (1902, writ ref'd) (holding mayor of city of Waco, who sought injunctive relief to prevent aldermen and city council from proceeding with impeachment trial, had adequate remedy at law).

In *Riggins v. City of Waco*, 100 Tex. 32, 93 S.W. 426 (1906) (refusing writ of error), the city council removed the mayor from office, and the mayor sought relief by writ of mandamus to restore him to office; the relief was denied by the district court and the court of appeals. *Id.*, 93 S.W. at 427. In refusing the mayor's writ of error, the Texas Supreme Court concluded it could not interfere with or disregard the action of the city council removing the mayor from office. *Id.* at 427. The court opined:

> The power of removal is vested in [the city council] by law, and no power of review, merely, is given to the courts. The law requiring that the removal should be for specified causes and after a hearing, the council was not empowered to deprive the mayor of his office arbitrarily or capriciously; and the courts, as incidental to their power to determine and enforce his right to the office, may inquire whether or not the council exceeded its lawful authority in the attempted removal so that its action may be treated as a nullity, but beyond this have no rightful power over the subject. The most that could be asserted in favor of the power of the courts is that they may inquire whether or not charges were duly preferred, a hearing had, and evidence adduced tending to sustain them.

*Id.*

In *State v. Sewell*, 487 S.W.2d 716 (Tex. 1972), the district court temporarily enjoined the State Bar of Texas Grievance Committee from conducting a hearing on matters that were before the committee regarding a grievance filed against an attorney. The district court based its decision on the conclusion that the Grievance Committee was barred by res judicata from pursuing the complaint. *Id.* at 718. In finding that the district court abused its discretion, the Texas Supreme Court stated:

> *In measuring the abuse of discretion, this court has looked with disfavor upon injunctive encroachments upon delegated administrative and executive powers which affect the state as a whole.*
>
> . . . .
>
> ... The Grievance Committee is an administrative agency of the judicial department and is the arm of the Supreme Court in the discharge of its professional policing duties. In a different context, but concerning the frustration of the functions of administrative agencies, we said in Texas State Board of Examiners in *Optometry v. Carp*, 162 Tex. 1, 343 S.W.2d 242 (1961): '(a) board or commission created by the Legislature with authority and responsibility for determining in the first instance whether certain action shall be taken is not subject to restraint by the courts whenever it appears that an erroneous conclusion has been reached on some preliminary or procedural questions. Any other rule would afford an opportunity for constant delays in the course of administrative proceedings, and there is no real need for equitable relief in the ordinary case until a final administrative determination has been made.'

*Id.* (emphasis supplied). *See also Board of Disciplinary Appeals v. McFall*, 888 S.W.2d 471, 472 (Tex.1994) (orig. proceeding) (holding trial court abused its discretion in enjoining State Bar Grievance Committee from pursuing disciplinary proceeding).

In support of his position that Respondent had the authority to issue the complained of injunctive orders, Bradley relies heavily upon *Garza v. Garcia*, 785 S.W.2d 421 (Tex.App.— Corpus Christi 1990, writ denied). That case involved an appeal in a suit for declaratory and injunctive relief by the mayor of Robstown following his purported removal by the city council. The trial court declared void the city council's resolution of removal, and permanently enjoined the council and city attorney from enforcing it. *Id.* at 422. The council appealed contending the trial court was without authority to interfere with the discretion exercised by a legislative branch of government; specifically, the legislature had provided that section 21.002 of the Local Government Code was the appropriate method to remove the mayor. The appellate

court disagreed with the council's argument that the trial court was improperly interfering with the legislative branch of government. The reason for the court's holding was that Robstown was a home rule city, and section 21.002 was not applicable because that statute expressly applies only to general-law municipalities. *Id.* at 422–23. Therefore, we find *Garza* factually inapposite to the instant case, and no support for Bradley's position.

The Texas legislature has clearly provided an administrative procedure for removal of a mayor from office in a general-law municipality. The power of removal is vested by statute in the aldermen, to whom the legislature has delegated administrative powers. Based upon the facts of the case before us, we find that when the Dudley complaint was filed, Relators were governed by the procedure set out in section 21.002 of the Local Government Code. Respondent's actions in issuing the injunctions constituted improper interference with the administrative procedure established by the Texas legislature. Accordingly, we hold Respondent abused his discretion in enjoining Relators from complying with the statute. Because we agree with Relators' first contention, we need not address the remaining alternative arguments in their petition for writ of mandamus. Additionally, we will not address the other arguments espoused by Bradley in his response to the petition for writ of mandamus, because they are not properly before us in this mandamus proceeding.[4]

## CONCLUSION

In oral argument before this court, counsel for Bradley suggested that the manner in which Relators handled the Dudley complaint was "anarchy." To the contrary, had Relators decided not to proceed with the proce-

---

4. Bradley contends: section 21.002 is unconstitutional because it violates the separation of powers provisions of the Texas Constitution in that it purports to empower Relators to make judicial determinations of Bradley's property rights, and it is so vague as to not provide any of the constitutional safeguards required of a court; Relators' prejudice disqualified them from sitting in judgment of Bradley; the trial on Dudley's complaint violated the Open Meetings Act; and Relators failed to follow the rules of the justice court, rules of evidence, and Texas law.

dure set out in section 21.002, they would have been operating outside the mandate prescribed by the Texas legislature for addressing complaints lodged against a mayor of a general-law municipality. Were courts to intervene in a procedure specifically set out by the Texas legislature, courts would be usurping the will of the people as enacted by legislators who are the duly elected representatives of the people.

We hold that Respondent abused his discretion in signing the three temporary orders about which Relators complain. We further find Relators have established they do not have an adequate remedy by appeal. We conditionally grant the writ of mandamus and order Respondent to vacate his Orders of April 23, 24, and 29, 1997, which grant injunctive relief to Bradley. We are confident Respondent will comply with this court's order, and the writ of mandamus will issue only in the event Respondent fails to vacate his orders.

---

Because the propriety of the proceedings held regarding the Dudley complaint is not before us in this mandamus proceeding, we will not address any alleged deficiencies in those proceedings. The record reflects that Bradley has filed an application for writ of certiorari. *See* TEX. R.CIV.P. 575–591. This would appear to be an appropriate avenue by which Bradley could pursue his complaints related to the process followed by the Relators in addressing the Dudley complaint.