**Cedric DAVIS, Appellant,**

v.

**CITY OF DALLAS, Appellee.**

**No. 05–96–01928–CV.**

Court of Appeals of Texas, Dallas.

April 23, 1999.

Michael A. John, Law Offices of Michael A. John, P.C., Dallas, for appellant.

Juana Lizbeth Islas, Asst. City Atty., Janice Smith Moss, City Atty., Dallas, for appellee.

Before Justices WHITTINGTON, ROACH, and O'NEILL.

## OPINION

Opinion By Justice O'NEILL.

Appellant Cedric Davis appeals a summary judgment granted in favor of the

City of Dallas. In a single point of error, Davis contends the trial court erred in granting the City's motion for summary judgment and denying his motion for summary judgment. We affirm.

### FACTUAL AND PROCEDURAL BACKGROUND

Davis was employed by the City of Dallas as a security officer for the Dallas Police Department. While employed by the City, Davis became a candidate for the Dallas City Council. The City notified Davis that his action in becoming a candidate for the city council violated provisions of the Dallas City Charter and the City Code. The City warned Davis that if he proceeded with his candidacy, he would forfeit his employment with the City. Davis subsequently filed a petition with the City Secretary to have his name placed on the ballot for the Dallas City Council election. The City terminated Davis for violations of the City Charter and Code.

Davis filed suit against the City asserting the City Charter and Code violated the First Amendment to the United States Constitution and article eleven, section five of the Texas Constitution.[1] The City moved for summary judgment on the grounds that the City Charter and Code were constitutional. Davis filed a cross-motion for summary judgment asserting the City Charter and Code were unconstitutional. The trial court granted the City's motion for summary judgment and denied Davis's motion for summary judgment. This appeal followed.

### STANDARD OF REVIEW

The standard for reviewing a summary judgment is well established. The movant for summary judgment must establish

there is no genuine issue of material fact and it is entitled to judgment as a matter of law. *See Nixon v. Mr. Property Management Co.,* 690 S.W.2d 546, 548 (Tex. 1985 ); *Jensen Constr. Co. v. Dallas County,* 920 S.W.2d 761, 767 (Tex.App.-Dallas 1996, writ denied). For a defendant to prevail on summary judgment, it must either: (1) disprove at least one element of the plaintiff's cause of action, or (2) conclusively establish each element of an affirmative defense. *See Jensen,* 920 S.W.2d at 767. Summary judgment is proper when the issue involves only a question of law. *See Black v. Dallas County Bail Bond Bd.,* 882 S.W.2d 434, 436 (Tex.App.-Dallas 1994, no writ)

Generally, an order denying summary judgment is not appealable because it is an interlocutory order. *See Novak v. Stevens,* 596 S.W.2d 848, 849 (Tex.1980). However, an exception exists when both parties move for summary judgment on the entire case, and the court grants one of the motions and denies the other. *Tobin v. Garcia,* 159 Tex. 58, 64, 316 S.W.2d 396, 400 (1958). In such cases, the appellate court may consider all issues before the trial court and render the judgment the trial court should have rendered. *See Commissioners Court of Titus County v. Agan,* 940 S.W.2d 77, 81 (Tex.1997).

### VIOLATION OF UNITED STATES CONSTITUTION

■ The right to become a candidate for public office is a right protected by the First Amendment to the United States Constitution. *See Magill v. Lynch,* 560 F.2d 22, 29 (1st.Cir.1977). The right is not, however, absolute. *See United States Civil Serv. Comm'n v. National Ass'n of*

---

1. Davis originally sued the City and other government defendants alleging, in addition to his claim that the City Charter and Code were unconstitutional, causes of action for libel, slander, and civil rights violations. The case was removed to federal court. The federal court granted summary judgment in favor of the City on all of Davis's claims except his claim that the City Charter and Code were

unconstitutional. The federal court abstained from determining the constitutionality of the City Code and Charter and remanded those claims to the state court. *See Railroad Comm'n of Tex. v. Pullman Co.,* 312 U.S. 496, 501, 61 S.Ct. 643, 85 L.Ed. 971 (1941). Only Davis's claims against the City regarding the constitutionality of the City Charter and Code are before us in this appeal.

*Letter Carriers,* 413 U.S. 548, 568, 93 S.Ct. 2880, 37 L.Ed.2d 796 (1973).

■■■ The government has a legitimate interest in regulating the political activities of its employees. *See Letter Carriers,* 413 U.S. at 565, 93 S.Ct. 2880 (citing *Pickering v. Board of Educ.,* 391 U.S. 563, 568, 88 S.Ct. 1731, 20 L.Ed.2d 811 (1968)). Consequently, the government, as an employer, may regulate the political activity of its employees to a greater degree than it could the general public. *Cf. Letter Carriers,* 413 U.S. at 565, 93 S.Ct. 2880. In determining the amount of regulation that is permissible, the government must arrive at a balance between the interests of the employee and the interests of the government in promoting the efficiency of its employees. *Id.* In striking this balance, the government may place limits on candidacy by public employees if the limits substantially serve government interests that are "important" enough to outweigh the employees' First Amendment rights. *See Magill,* 560 F.2d at 27; *see also Letter Carriers,* 413 U.S. at 565, 93 S.Ct. 2880.

### DALLAS CHARTER AND CODE PROVISIONS

Chapter III, section 17(c) of the Dallas City Charter provides as follows:

> [I]f any employee of the city shall become a candidate for nomination or election to any elective public office within Dallas County; or elective public office in another county within the state, having contractual relations with the city, direct or indirect; or any elective public office which would conflict with his position as an employee of the city, he shall immediately forfeit his place or position with the city.

In *Hickman v. City of Dallas,* 475 F.Supp. 137, 141 (N.D.Tex.1979), the United States District Court found that the above City Charter provision, as applied to a City of Dallas employee, violated the United States Constitution. In *Hickman,* the City of Dallas employee sought to become a candidate for the De Soto City Council. Both the City of De Soto and the City of Dallas were located in Dallas County and the employee was terminated under Chapter III, section 17(c) of the City Charter. In holding the charter provision unconstitutional as applied to the employee, the court noted that the City did not have a sufficient interest in prohibiting the employee from running for a nonpartisan election in a *different* city. *See id.* at 141. The court, however, expressly declined to hold the charter provision facially invalid, concluding the provision might validly be used to restrict an employee's candidacy *within the City of Dallas,* or to prohibit a managerial or supervisory employee from running for elective office. *See id.*

In response to the *Hickman* opinion, the Dallas City Council passed article twelve, section 2–123 of the Dallas City Code to limit the applicability of the City Charter. Section 2–123(b)(1), the provision at issue in this case, provides that an employee forfeits his employment if he becomes a candidate for the Dallas City Council.

### DISCUSSION

Davis asserts the trial court erred in granting the City's motion for summary judgment and denying his motion for summary judgment because the City Charter and Code violated his rights under the First Amendment to the United States Constitution. Davis asserts the City failed to show a compelling interest in prohibiting him from becoming a candidate for city council because the election was nonpartisan. We begin by noting that contrary to Davis's assertion, the validity of the Charter and Code is not subject to strict scrutiny review. *See Magill,* 560 F.2d at 27; *see also Letter Carriers,* 413 U.S. at 564, 93 S.Ct. 2880. Rather, because the provisions relate to government employees, we determine whether the City, as an employer, had an "important" interest in regulating its employees' political activities. *See Magill,* 560 F.2d at 27; *see also Letter Carriers,* 413 U.S. at 564, 93 S.Ct. 2880.

■■■ The City has an interest in maintaining the loyalty, efficiency, and nonpar-

tisanship of its employees. *See Magill,* 560 F.2d at 27. To further that interest, the City may prevent its employees from running for positions that could give the employee power over his supervisors. *See id.* at 29. Here, Davis was terminated for becoming a candidate for the city council of the very city that employed him. This is precisely the type of political activity the *Hickman* court noted the City of Dallas could justifiably prohibit. We conclude the City had a sufficient interest in prohibiting Davis from becoming a candidate for the Dallas City Council. Consequently, the City's termination of Davis did not violate the United States Constitution.

### VIOLATIONS OF TEXAS CONSTITUTION

■ In his petition, Davis also alleged his termination violated the Texas Constitution. It is, however, unclear whether Davis is raising a state constitutional claim separate and apart from his claim under the federal constitution. Davis cites only generally to article eleven, section five of the Texas Constitution and to a single federal court opinion. The entirety of his argument relating to the Texas Constitution consists of two sentences. This "argument" is placed in the middle of his complaint regarding the federal constitution. Davis fails to provide any argument or analysis showing precisely how the trial court erred in granting summary judgment on his claim under the Texas Constitution. Therefore, we conclude this complaint is inadequately briefed and presents nothing for review. *See Fredonia State Bank v. General Am. Life Ins. Co.,* 881 S.W.2d 279, 284–85 (Tex.1994); *Bowles v. Clipp,* 920 S.W.2d 752, 756 (Tex.App.-Dallas 1996, writ denied); *Sullivan v. Bickel & Brewer,* 943 S.W.2d 477, 486 (Tex.App.-Dallas 1995, writ denied).

We overrule Davis's sole point of error. We affirm the trial court's judgment.