## ATTORNEY GENERAL OF TEXAS

### GREG ABBOTT

July 14, 2004

The Honorable Hector M. Lozano
Frio County Attorney
500 East San Antonio Street
Box 1
Pearsall, Texas 78061-3100

Opinion No. GA-0217

Re: Whether article XI, section 11(a) of the Texas Constitution applies to city officers with two-year terms or city police officers, and whether a home-rule city with two-year terms may provide in its charter that a mayor or council member who becomes a candidate for another office automatically vacates the current office (RQ-0168-GA)

Dear Mr. Lozano:

You ask several questions about the application of the automatic resignation proviso in article XI, section 11(a) of the Texas Constitution to city officers and police officers in the City of Pearsall. In particular, you wish to know whether the proviso applies to city officers with two-year terms or city police officers, and whether a home-rule city with two-year terms may provide in its charter that a mayor or council member who becomes a candidate for another office automatically vacates the current office.[1]

## I.  Factual Background and Questions

As background to your request, you explain that an elected "mayor/councilmember" and an appointed municipal judge, each of whom serves a two-year term, filed for the office of Frio County commissioner or constable with over a year left in their municipal terms. Request Letter, *supra* note 1, at 1. In addition, three city police officers have filed for the office of sheriff or constable. *See id.* The City of Pearsall has home-rule charter provisions that provide that if the mayor or any member of the city council becomes a candidate for another office "he or she shall immediately vacate his or her place." *Id.* (quoting PEARSALL, TEX., HOME-RULE CITY CHARTER §§ 3.02-.03). In addition, the Pearsall Police Department Policy Manual and Code of Conduct states: "No employee shall become a candidate for nomination or election of any public or political office." *Id.* at 2 (quoting PEARSALL, TEX., POLICE DEP'T POLICY MANUAL AND CODE OF CONDUCT § 8).

---

[1]*See* Letter from Honorable Hector M. Lozano, Frio County Attorney, to Honorable Greg Abbott, Texas Attorney General, at 1-4 (Jan. 14, 2004) (on file with Opinion Committee, *also available at* http://www.oag.state.tx.us) [hereinafter Request Letter].

Given these facts, you ask the following specific questions:

1. Whether an uncompensated council member elected to a term of 2 years and who has more than 1 year remaining of his unexpired term who announces his candidacy for office of County Commissioner/Constable automatically resigns his office under Article XI, Section 11 of the Texas Constitution.

2. Whether Article XI, Section 11 of the Texas Constitution, the resign to run provision prevails over a Home Rule Char[t]er provision stating "shall immediately vacate" under Article XI, Section 5 of the Texas Constitution.

3. Whether the appointed Judge, who serves a term of 2 years with compensation and has more than 1 year re[main]ing of his unexpired term, who announces his candidacy for office of County Constable[,] automatically resigns his office under Article XI, Section 11 of the Texas Constitution or under any other applicable provision.

4. Whether the Police officers fall within Article XI, Section 11 of the Texas Constitution and whether the resign to run provision applies to them. If said Article XI, Section 11 does not apply, whether these officers have to resign their position upon announcing their candidacy for an elected position.

*Id.* at 4.

## II.    Analysis

### A.    Whether Article XI, Section 11 Applies to City Officers with Two-Year Terms

First, we address your two questions about article XI, section 11's application to the elected council member and the appointed judge, each of whom serves a two-year term. *See id.* (questions 1 and 3). Article XI, section 11 provides in pertinent part:

*A Home Rule City may provide* by charter or charter amendment, and a city, town or village operating under the general laws may provide by majority vote of the qualified voters voting at an election called for that purpose, *for a longer term of office than two (2) years* for its officers, either elective or appointive, or both, but not to exceed four (4) years; provided, however, that tenure under Civil Service shall not be affected hereby; *provided, however, that such officers, elective or appointive, are subject to Section 65(b), Article XVI, of this constitution*, providing for automatic resignation in certain

circumstances, in the same manner as a county or district officer to which that section applies.

TEX. CONST. art. XI, § 11(a) (emphasis added). Article XVI, section 65(b) provides that if certain district, county, and precinct officers announce a candidacy or become a candidate for another elective office "at any time when the unexpired term of the office then held shall exceed one (1) year, such announcement or such candidacy shall constitute an automatic resignation of the office then held." *Id.* art. XVI, § 65(b). Article XI, section 11(a) applies the article XVI, section 65(b) automatic resignation proviso to elected or appointed municipal officers whose term in office has been extended by charter beyond two years. *See id.* art. XI, § 11(a); Tex. Att'y Gen. Op. No. M-586 (1970) at 4 (concluding that the article XI, section 11 automatic resignation proviso applies only to municipal officers whose term of office exceeds two years); *see also* Tex. Att'y Gen. Op. Nos. JC-0562 (2002) at 4, JC-0403 (2001) at 1, 3, JM-553 (1986) at 3-4. Because the council member and judge at issue serve only two-year terms, they are not subject to the article XI, section 11 automatic resignation proviso.

With respect to your question about whether the municipal judge may have automatically resigned "under any other applicable provision," Request Letter, *supra* note 1, at 4 (question 3), we are not aware of any general provision that provides for the automatic resignation of municipal judges who file for another office. Canon 5(3) of the Judicial Code of Conduct provides that "[a] judge shall resign from judicial office upon becoming a candidate in a contested election for a non-judicial office either in a primary or in a general or in a special election," but does not apply to a municipal judge. TEX. CODE JUD. CONDUCT, Canon 5(3), *reprinted in* TEX. GOV'T CODE ANN., tit. 2, subtit. G. app. B (Vernon Supp. 2004); *see also id.* Canon 6(C)(1)(e) ("A . . . municipal court judge shall comply with all provisions of this Code, except the judge is not required to comply . . . with Canon 5(3)."). Nor have we located a specific statute applying to a municipal judge in the City of Pearsall that provides for automatic resignation.[2]

## B.      Whether Article XI, Section 11 Applies to City Police Officers

Next we address your questions about the police officers who have filed for office. You ask if the police officers fall within article XI, section 11. *See* Request Letter, *supra* note 1, at 4 (question 4). If article XI, section 11 does not apply to them, you also ask whether the police officers have to resign. *See id.*

The article XI, section 11 automatic resignation proviso applies only to elected and appointed municipal *officers*. *See* TEX. CONST. art. XI, § 11(a). The general test in Texas law for whether a person holding a public position is an officer is whether the person exercises "any sovereign function

---

[2]*See, e.g.*, TEX. GOV'T CODE ANN. § 30.010975 (Vernon 2004) ("If the municipal judge or an assistant municipal judge [of the City of Carrollton] announces a candidacy or becomes a candidate in a general, special, or primary election, for any office of profit or trust under the laws of the state or the United States, the announcement or the candidacy constitutes an automatic resignation of the appointment, effective the date of the announcement or candidacy.").

of the government . . . for the benefit of the public largely independent of the control of others." *Aldine Indep. Sch. Dist. v. Standley*, 280 S.W.2d 578, 583 (Tex. 1955); *see* Tex. Att'y Gen. Op. No. JC-0562 (2002) at 2-3 (applying *Aldine* test to determine whether a position was an office for purposes of article XI, section 11 and article XVI, section 65); *see also* JC-0318 (2002) at 4 (an individual holding an office under article XI, section 11 "'is invested with some portion of the sovereign functions of the government, to be exercised by him for the benefit of the public'") (citation omitted). Although under ordinary circumstances, a municipal police officer performs his duties under the direction and control of others, and thus does not hold an office, *see* Tex. Att'y Gen. LO-93-027, at 2, Tex. Att'y Gen. Op. No. DM-212 (1993) at 2, the determination whether a particular police officer holds an office for constitutional purposes involves questions of fact and cannot be resolved in an attorney general opinion, *see* Tex. Att'y Gen. Op. No. DM-212 (1993) at 2.

Assuming that the police officers at issue perform their duties under the direction and control of others and are not subject to article XI, section 11, we address your question about whether the police officers "have to resign their position upon announcing their candidacy for an elected position." Request Letter, *supra* note 1, at 4 (question 4). You appear to ask our guidance about the effect of the Pearsall Police Department Policy Manual and Code of Conduct provision stating that "[n]o employee shall become a candidate for nomination or election of any public or political office." *Id.* at 2 (quoting PEARSALL, TEX., POLICE DEP'T POLICY MANUAL AND CODE OF CONDUCT § 8).[3] In deference to city officials, this office generally refrains from construing municipal charters and ordinances. *See* Tex. Att'y Gen. Op. No. GA-0130 (2003) at 3 ("This office does not ordinarily construe city charters or ordinances, in deference to municipal officials' authority to construe their municipality's ordinances and charters."); *see also* Tex. Att'y Gen. Op. Nos. GA-0068 (2003) at 2 n.2, JC-0143 (1999) at 3, JM-846 (1988) at 1. Moreover, based on the information you have provided, we cannot determine whether the policy manual and code of conduct requires the police officers to resign. This issue should be addressed by the city attorney, who generally advises the city and the police department regarding personnel matters and who will have access to the entire policy manual and code of conduct and knowledge about the city's past employment practices.

### C.    Whether the City of Pearsall Home-Rule Charter Provisions are a Permissible Exercise of Home-Rule Authority

Finally, we address your question about the City of Pearsall home-rule charter provisions providing that if a council member or mayor "shall file to become a candidate for

---

[3]You do not ask us to address the policy's validity or whether it may be constitutionally applied under these facts. *See, e.g., Hickman v. City of Dallas*, 475 F. Supp. 137, 141 (N.D. Tex. 1979) (holding that a Dallas City Charter provision, under which a city employee who became a candidate for office would forfeit city employment, violated the United States Constitution, as applied to a particular employee, a police officer, because the City did not have a sufficient interest in prohibiting the employee from running for a nonpartisan election in a different city); *Davis v. City of Dallas*, 992 S.W.2d 621, 624-25 (Tex. App.–Dallas 1999, no pet.) ("The City has an interest in maintaining the loyalty, efficiency, and nonpartisanship of its employees. To further that interest, the City may prevent its employees from running for positions that could give the employee power over his supervisors. Here, Davis [a police department security officer] was terminated for becoming a candidate for the city council of the very city that employed him. This is precisely the type of political activity the Hickman court noted the City of Dallas could justifiably prohibit.").

nomination or election to any public office," other than the office then held, "he or she shall immediately vacate his or her place" as council member or mayor. *See* Request Letter, *supra* note 1, at 4; *see also id.* at 1 (quoting PEARSALL, TEX., HOME-RULE CITY CHARTER §§ 3.02-.03). Another charter provision states that vacancies in the city council and mayor's office, "where the same do not exceed two at any one time, shall be filled by a majority vote of the remaining councilmembers and shall serve only until the next general City Council election." *Id.* at 2 (quoting PEARSALL, TEX., HOME-RULE CITY CHARTER § 3.09).

You ask whether the charter provisions, which provide for the automatic resignation of a mayor or council member serving a two-year term of office, are a permissible exercise of home-rule authority under article XI, section 5 of the constitution. *See* Request Letter, *supra* note 1, at 4 (question 2). Although this office does not construe city ordinances or charter provisions, we make an exception when asked to determine whether such provisions conflict with federal or state law. *See* Tex. Att'y Gen. Op. No. GA-0068 (2003) at 2 n.2. We limit our analysis to charter provisions affecting the office of mayor or council member in home-rule cities with two-year terms.

"A municipality is a home-rule municipality if it operates under a municipal charter that has been adopted or amended as authorized by Article XI, Section 5, of the Texas Constitution." TEX. LOC. GOV'T CODE ANN. § 5.004 (Vernon 1999). Article XI, section 5 provides that "no charter or any ordinance passed under said charter shall contain any provision inconsistent with the Constitution of the State, or of the general laws enacted by the Legislature of this State." TEX. CONST. art. XI, § 5. Aside from that limitation, a home-rule municipality "has full power of local self-government." TEX. LOC. GOV'T CODE ANN. § 51.072(a) (Vernon 1999).

A home-rule city charter providing for the automatic resignation of a mayor or council member serving a two-year term of office is not inconsistent with the Texas Constitution. *See generally Willis v. City of Fort Worth*, 380 S.W.2d 814, 816 (Tex. Civ. App.–Fort Worth 1964, no writ) (finding "nothing in either the Federal or State Constitutions which expressly or impliedly would prohibit efficacy of . . . or which would inhibit [the] enforcement" of a city charter provision stating, "If a member of the Council shall become a candidate for nomination or election to any public office, other than that of Councilman, he shall immediately forfeit his place in the Council").[4] The constitution does not govern removal of home-rule city officers.[5] Article XVI, section 30(a)

---

[4]*See also Clements v. Fashing*, 457 U.S. 957, 972 (1982) (holding that the Texas Constitution's article XVI, section 65 automatic resignation proviso violated neither the Equal Protection Clause nor the First Amendment of the United States Constitution).

[5]When the constitution prescribes the mode for removing an officer, the legislature may not authorize removal in another mode. *See Dorenfield v. State ex rel. Allred*, 73 S.W.2d 83, 86-7 (Tex. 1934). Article V, section 24 provides for the removal of county officers: "County Judges, county attorneys, clerks of the District and County Courts, justices of the peace, constables, and other county officers, may be removed by the Judges of the District Courts for incompetency, official misconduct, habitual drunkenness, or other causes defined by law, upon the cause therefor being set forth in writing and the finding of its truth by a jury." TEX. CONST. art. V, § 24. Article XV, section 7 requires the legislature to "provide by law for the trial and removal from office of all officers of this State, the modes for which have not been provided in this Constitution." *Id.* art. XV, § 7. The Texas Supreme Court has held that these provisions do not apply to city officers. *See Bonner v. Belsterling*, 138 S.W. 571, 575 (Tex. 1911). *But see State v. Bradley*, 956

(continued...)

generally provides for two-year terms of office. *See* TEX. CONST. art. XVI, § 30(a) ("The duration of all offices not fixed by this Constitution shall never exceed two years."). While it governs the term of an office, it does not preclude a home-rule municipality from regulating municipal officers' conduct in office or providing for the early removal of a mayor or council member who engages in prohibited conduct. *See generally Bonner v. Belsterling*, 138 S.W. 571, 575 (Tex. 1911) (holding that article XVI, section 30 did not give an officer a "right to hold an office contrary to the will and wishes of the people he represents" or prohibit the legislature from granting to a city "the right to remove, by process of the recall provision, any officer who failed to discharge his duty in a manner satisfactory to the people of that city"). Article XI, section 11(a) provides for the automatic resignation in certain circumstances of municipal officers whose terms of office exceed two years. It does not apply to officers holding two-year terms and does not prohibit a home-rule municipality from regulating their conduct. *See* TEX. CONST. art. XI, § 11(a). Likewise, its requirement that vacancies in office must be filled by election only applies to offices with terms exceeding two years. *See id.* art. XI, § 11(b); Tex. Att'y Gen. Op. No. GA-0046 (2003) at 2 (noting that article XI, section 11 "authorizes a city to provide for a longer term than two years for its officers and, if it does so, requires it to fill all vacancies on its governing body by election").[6]

Nor have we located any statute that would preclude a home-rule city from providing for automatic resignation of a mayor or council member serving a two-year term of office. Rather the Local Government Code grants a home-rule municipality general authority to:

(1) create offices;

(2) determine the method for selecting officers; and

(3) prescribe the qualifications, duties, and tenure of office for officers.

TEX. LOC. GOV'T CODE ANN. § 26.041 (Vernon 1999). Aside from this provision, "the legislature has remained silent on the issues of removal from or forfeiture of office in home-rule cities. Thus, it is generally recognized that the authority for a home-rule city council to remove one of its members must be found in the city's charter." *Lipscomb v. Randall*, 985 S.W.2d 601, 605 (Tex. App.–Fort Worth 1999, pet. dism'd) (citing *Garza v. Garcia*, 785 S.W.2d 421, 422 (Tex. App.–Corpus Christi 1990, writ denied)). Appellate courts have held that a home-rule city charter

---

[5](...continued)
S.W.2d 725, 736 (Tex. App.–Fort Worth 1997) (concluding that article XV, section 7 applied to the office of mayor of a general-law city), *rev'd on other grounds*, 990 S.W.2d 245, 247 (Tex. 1999) (expressly not considering constitutional issues because case could be resolved on other grounds).

[6]Article XI, section 11(b) provides as follows: "*A municipality so providing a term exceeding two (2) years but not exceeding four (4) years for any of its non-civil service officers must elect all of the members of its governing body by majority vote of the qualified voters* in such municipality, and any vacancy or vacancies occurring on such governing body shall not be filled by appointment but must be filled by majority vote of the qualified voters at a special election called for such purpose within one hundred and twenty (120) days after such vacancy or vacancies occur." TEX. CONST. art. XI, § 11(b) (emphasis added).

may provide for the automatic forfeiture of office upon conviction of a crime involving moral turpitude or for failure to attend city council meetings. *See id.* (holding that, under the home-rule charter, city council member had automatically forfeited his seat on the town council when he was convicted in municipal court of two crimes involving moral turpitude); *see also City of Alamo v. Garcia*, 960 S.W.2d 221, 226 (Tex. App.–Corpus Christi 1997, no pet.) (holding that trial court lacked authority to interfere with self-enacting city charter provision providing for office forfeiture by city council member for failure to attend meetings). Similarly, we believe a court would conclude that a home-rule city with two-year terms may provide in its charter that a mayor or council member who becomes a candidate for another office automatically vacates the current office.

### SUMMARY

Municipal officers who serve two-year terms are not subject to the automatic resignation proviso in article XI, section 11 of the Texas Constitution. A police officer who performs his or her duties under the direction and control of others is not an officer subject to article XI, section 11. A home-rule city with two-year terms may provide in its charter that a mayor or council member who becomes a candidate for another office automatically vacates the current office.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

BARRY R. MCBEE
First Assistant Attorney General

DON R. WILLETT
Deputy Attorney General for Legal Counsel

NANCY S. FULLER
Chair, Opinion Committee

Mary R. Crouter
Assistant Attorney General, Opinion Committee