ATTORNEY GENERAL OF TEXAS

GREG ABBOTT

November 22, 2013

The Honorable Ryan Guillen
Chair, Committee on Culture,
    Recreation & Tourism
Texas House of Representatives
Post Office Box 2910
Austin, Texas 78768-2910

Opinion No. GA-1026

Re: Whether a state employee may run for
and assume an elected county office
(RQ-1128-GA)

Dear Representative Guillen:

You ask about "the legality and constitutionality of a state employee running for an elected county office and assuming such office."[1] You do not specify the position that the state employee holds or the county office for which the employee intends to run.[2] We therefore answer your request in general terms. In doing so, we begin with the principle that "'any constitutional and statutory provision which restricts the right to hold public office should be strictly construed against ineligibility.'" *In re Carlisle*, 209 S.W.3d 93, 96 (Tex. 2006) (orig. proceeding) (citation omitted).

We first address the ability of a state employee to become a candidate for an elected county office. Your request letter does not direct us to any specific state statute that would prohibit a state employee from running for county office. Government Code section 556.003 recognizes that "[a] state employee has the rights of freedom of association and political participation guaranteed by the state and federal constitutions except as provided by Section 556.004." TEX. GOV'T CODE ANN. § 556.003 (West 2012). Section 556.004 prohibits state employees from using their official authority to "interfere with or affect the result of an election or nomination of a candidate or to achieve any other political purpose," but it does not prohibit a

---

[1]Letter from Honorable Ryan Guillen, Chair, Comm. on Culture, Rec. & Tourism, to Honorable Greg Abbott, Tex. Att'y Gen. at 1 (Apr. 23, 2013), http://www.texasattorneygeneral.gov/opin ("Request Letter").

[2]In answering your questions, we presume that by "state employee" you mean a person that is an at-will employee and not someone that holds civil office. Article 16, subsection 40(a) provides that "[n]o person shall hold or exercise at the same time, more than one civil office of emolument," except in limited circumstances. TEX. CONST. art. XVI, § 40(a).

state employee from seeking candidacy for elective office. *Id.* § 556.004(c). Furthermore, we find no other Texas statutes that prohibit state employees from running for county office.[3]

Under the federal Hatch Act, however, a "State . . . employee may not . . . if the salary of the employee is paid completely, directly or indirectly, by loans or grants made by the United States or a Federal agency, be a candidate for elective office." 5 U.S.C.A. § 1502(a)(3) (West Supp. 2013).[4] The determination of whether a particular person's employment is subject to the Hatch Act is a fact question beyond the scope of an attorney general opinion, but we can advise that under federal law a state employee is prohibited from becoming a candidate for elective office if the salary of the employee is paid completely by federal funds. *See id.*; *see also* Tex. Att'y Gen. Op. No. JM-957 (1988) at 2 (concluding that whether a particular individual is subject to the Hatch Act is a fact question that cannot be resolved by the opinion process).

We next address your question concerning the state employee's ability to assume office once elected and retain salaries for both positions. You specifically question whether article 16, subsection 40(b) of the Texas Constitution restricts the state employee from doing so. Request Letter at 1. Article 16, subsection 40(b) provides:

> State employees or other individuals who receive all or part of their compensation either directly or indirectly from funds of the State of Texas and who are not State officers, shall not be barred from serving as members of the governing bodies of school districts, cities, towns, or other local government districts. Such State employees or other individuals may not receive a salary for serving as members of such governing bodies . . . .

TEX. CONST. art XVI, § 40(b). In analyzing article 16, subsection 40(b), a Texas court has concluded that "the term 'other local governmental districts' does not include a county" and therefore does not prohibit a paid state employee from also serving and receiving a salary as a county commissioner. *Cnty. of Maverick v. Ruiz*, 897 S.W.2d 843, 847 (Tex. App.—San Antonio 1995, no writ). On multiple occasions, this office has addressed similar questions concerning whether elected county officials may also serve as state employees without renouncing their salaries. *See, e.g.*, Tex. Att'y Gen. LO-98-039, at 1–2 (addressing whether a legislator may employ a county commissioner); LO-90-039, at 1–2 (addressing whether a county

---

[3]Specific state agencies may have policies that limit their employees' ability to run for office, and this opinion should not be construed as addressing such policies. *See Davis v. City of Dallas*, 992 S.W.2d 621, 624–25 (Tex. App.—Dallas 1999, no pet.) (upholding a Dallas City Charter provision that required city employees to forfeit their position with the city upon becoming a candidate for elective office).

[4]Federal regulations define "elective office" as "any office which is voted upon at" a primary, general, or special election, "but does not include political party office." 5 C.F.R. § 151.101(f), (i) (2013).

attorney may serve as a professor at a state university).   Relying on *Ruiz*, this office has concluded that a county commissioner and other elected county officials may also serve as state employees and may be paid for both positions.  Tex. Att'y Gen. LO-98-039, at 2.  Thus, article 16, subsection 40(b) of the Texas Constitution does not prohibit a state employee from assuming elected county office, nor does it require the renouncement of the salary for either position.

## S U M M A R Y

Texas statutes do not prohibit a state employee from becoming a candidate for elected county office. The federal Hatch Act, however, prohibits a state employee from becoming a candidate for elective office if the salary of the employee is paid completely by federal funds.

Article 16, subsection 40(b) of the Texas Constitution does not prohibit a state employee from assuming elected county office.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

DANIEL T. HODGE
First Assistant Attorney General

JAMES D. BLACKLOCK
Deputy Attorney General for Legal Counsel

VIRGINIA K. HOELSCHER
Chair, Opinion Committee

Virginia K. Hoelscher
Assistant Attorney General, Opinion Committee